OBED WHEELER, as Administrator, etc., Appellant, *v.* WILLIAM EMMELUTH, Respondent.

An order affecting a substantial right, made in an action, without notice to the party interested, may not be upheld on the ground that, for aught that appears, the same order would have been made after notice given.

After an insolvent's discharge in proceedings under the Code of Civil Procedure (§§ 2149 *et seq.*), an order canceling and discharging of record two judgments against him was granted upon his application without notice to the owner of the judgments and without proof of his consent. Upon motion to vacate said order, *held*, that it was made without

authority (Code Civ. Pro. § 2182), and that said owner was entitled to have it vacated on showing simply want of notice; that he was not required to give any reason why the discharge did not operate upon his judgment or to state any facts showing that the judgment should not be canceled, until served with notice of an application for that purpose.

(Submitted April 14, 1890; decided April 22, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made December 18, 1889, which affirmed an order denying a motion to vacate and set aside an order of Special Term canceling and discharging of record two judgments against defendant.

The material facts are stated in the opinion.

*Michael J. Scanlan* for appellant. The order is appealable. (Code Civ. Pro. § 190, subd. 3.) The order of June 8, 1889, canceling the judgments having been made without notice to the administrator of Thomas Wheeler and without his consent is void, and should be vacated. (Code Civ. Pro. §§ 2182, 3343.)

*Gabriel Levi* and *Jacob Levi* for respondent. The order discharging respondent from his debts has the effect of canceling the judgment and it is unnecessary to obtain an order canceling the judgments from record. (Code Civ. Pro. § 2182.) The language of the Code in reference to the cancellation of judgment in insolvency proceedings is mandatory and the court must grant this order if it appears satisfactory that the insolvent was discharged. (*W. P. Bank* v. *Gerry*, 9 Cent. Rep. 282.) The appellant has been guilty of gross misconduct in issuing an execution without leave of the court, after the expiration of thirteen years and in the face of the order discharging respondent. (Code Civ. Pro. § 1377.)

O'Brien, J. The administrator of the plaintiff in this action sought to obtain relief to which he was strictly entitled, and we cannot say that the refusal of the court below to grant it will not operate to his injury.

The facts out of which the controversy arose are undis-

puted. In August, 1885, the defendant instituted proceedings in the County Court of Westchester county to be discharged from his debts, in pursuance of the provisions of article 1, title 1, chapter 17 of the Code of Civil Procedure. On the 30th of September, 1885, the discharge was granted, and recorded as prescribed in section 2181. Thomas Wheeler, whose name appears as plaintiff in this case, recovered a judgment against the defendant on the 24th of February, 1876, for $501.25, which was docketed in the clerk's office of Westchester county, and he recovered another judgment against the defendant on the 20th of November, 1877, for $1,131.05, which judgment was also duly docketed in the same office. After the defendant's discharge, and on the 31st of May, 1889, he presented to the Supreme Court at a Special Term a certified copy of the discharge, with an affidavit showing the entry of the judgments against him, and the proceedings in the county court for his discharge. Upon these papers, the court, without notice to the administrator, the owner of the judgments, made an order that they be canceled and discharged of record, and directing the clerk to make an entry to that effect upon the docket.

It seems, from the papers contained in the record, that Thomas Wheeler, the original plaintiff in the judgments, died in 1884, and that Obed Wheeler, in whose behalf this appeal is brought, was appointed his administrator. The attorney for the administrator, on the 13th of July, 1889, obtained an order from the justice who granted the order at Special Term, requiring the defendant to show cause, at another Special Term thereafter to be held, why the order previously granted, discharging the judgments, should not be vacated and set aside. This application was made upon the affidavit of the attorney in behalf of the administrator, which stated in effect that no notice of the application for the order to discharge the judgments was given to the administrator, and that it was not entered upon his consent, and also upon the papers on which the original order was made, which contained no proof of notice of the application. Upon the return of the order to

show cause both the administrator and the defendant appeared by counsel, and the application to vacate the original order was resisted by the defendant upon the sole ground that the proceedings for his discharge were in all respects regular. It was not claimed that any notice of the application which resulted in the order canceling the judgments of record had been given; but the application to vacate was, nevertheless, denied. The administrator appealed to the General Term from the order refusing to vacate, where it was affirmed. The Supreme Court admits, as appears from the opinion, that the order canceling the judgments, made without notice, was irregular; but that, inasmuch as the administrator failed upon the order to show cause, to present any proof that he was injured by it or to give any reason upon the merits why the application should not be granted if the notice had been given, that, therefore, the want of such notice was immaterial.

We think that the order discharging the judgments of record was erroneous. Section 2182 of the Code prescribes the proceedings for the discharge of judgments against a party who has obtained a statutory discharge from his debts. It provides that the person so discharged " at any time after one year has elapsed since the recording of the discharge and the petition, affidavits, orders, schedules and other papers upon which the discharge was granted, as prescribed in section 2181 of this act, the petitioner may apply, upon proof of his discharge, to the court in which a judgment shall have been rendered against him, for an order directing the judgment to be canceled and discharged of record. If it appears that he has been discharged from the payment of that judgment an order must be made accordingly, and thereupon the clerk must cancel and discharge the docket thereof, as if the proper satisfaction-piece of the judgment was filed. Notice of the application, accompanied with copies of the papers upon which it was made, must be given to the judgment-creditor, unless his written consent to the granting of the order, with satisfactory proof of the execution thereof, and if he is not the party in whose favor the judgment was rendered, that

he is the owner thereof, is presented to the court upon the application."

This provision was intended to give the owner of a judgment an opportunity to test the validity of the discharge, at least, in so far as it applied to such judgment. The administrator would then have the right to appear and show that he had not been made a party to the proceedings by the service of notice upon him, or that for any reason the discharge did not operate upon his claim against the defendant. The general rules of law, and certainly the plain provisions of the statute, secured to him a hearing before the judgments were discharged. As they were discharged without compliance with this provision he was entitled to have the order vacated upon bringing the facts to the attention of the court upon motion, or an order requiring the defendant to show cause. It was enough for him to show that he had no notice of the application to cancel the judgments, and he was not required to give any reason why the general discharge of the defendant from his debts did not operate upon them, or to state any facts showing that the judgments should not be canceled until he was served with notice of the application for that purpose. Where an order affecting a substantial right is made in an action without notice to the party interested, it cannot be upheld upon the ground that, for aught that appears, the same order would be made after notice given. The administrator would have been entitled to the relief demanded if he had based his motion upon the papers which the defendant presented to the court, and upon which he obtained the order discharging the judgments of record, as they contained no proof of service of notice of the application, and there was no recital to that effect in the order. Certainly the fact that he proved affirmatively that notice of the application was not given did not put him in any worse position.

The order of the General and Special Term should be reversed with costs in all courts, and the motion granted.

All concur.

Order reversed.