No. 2604

EX REL. IRVING NATIONAL BANK *v.* DISTRICT COURT

June 11, 1923.                    215 Pac. 641.

1. PROHIBITION—MODIFICATION OF ALTERNATIVE WRIT PREMATURE WHERE MAIN QUESTION TO BE DETERMINED UPON ALTERNATIVE WRIT MUST BE DECIDED.

Where a receiver of a judgment debtor took possession of the debtor's property after execution had been levied thereon and sought to obtain an order modifying an alternative writ of prohibition issued on petition of the judgment creditor, so as to allow a portion of the property to be sold to pay an installment of taxes, and the judgment creditor demurred, presenting questions pertaining to the jurisdiction of the court, the legal capacity of the receiver to sue, and whether the petition stated facts sufficient to constitute an action, and filed a motion to dismiss, the situation was one in which a ruling on the issues would in effect decide the main question to be determined on the hearing of the alternative writ of prohibition, and, as such question was not argued or presented, a ruling thereon would be premature, and the parties deprived of their day in court, and hence such an order for modification would be improper.

PROHIBITION by the State, on the relation of the Irving National Bank, a corporation, against the Second Judicial District Court in and for the County of Washoe, and Geo. A. Bartlett, Judge thereof, wherein Gurney Gordon, receiver of the Como Consolidated Mines Company, seeks an order modifying an alternative writ of prohibition. On demurrer and objections by the Irving National Bank. **Order denied, and petition dismissed.**

*Painter, Stoddard & Withers,* for Petitioner.

*Cooke, French & Stoddard,* for Gordon, receiver.

By the Court, WALSH, District Judge:

In this proceeding Gurney Gordon, receiver of the Como Consolidated Mines Company, a corporation, seeks to obtain an order modifying an alternative writ of prohibition, issued herein, to the extent that said district court and said receiver may proceed and cause to be sold sufficient personal property, designated as junk property, belonging to said Como Consolidated Mines Company, in order to realize an amount sufficient to pay the second installment of taxes assessed against the property of said company for the year 1922, amounting to $214.83. Said taxes are now due and payable and will be delinquent if not paid prior to the return day named in said writ. All proceedings in the district court were ordered stayed when the alternative writ was issued.

To the petition of the receiver a demurrer was interposed by the Irving National Bank which presents questions pertaining to the jurisdiction of the court, the legal capacity of the receiver to sue, and whether the petition states facts sufficient to constitute a cause of action. Written objections and a motion to dismiss were also filed by the bank.

It appears the Irving National Bank on July 11, 1922, recovered a judgment in the Second judicial district court of the State of Nevada in and for Washoe County, against the Como Consolidated Mines Company, a corporation, for $8,000, with interest thereon and attorney's fees, amounting to $1,021.50, which said judgment was docketed in the clerk's office of said county, and a transcript thereof was filed in the office of the recorder of Lyon County, Nevada. On January 17, 1923, a writ of execution was duly issued out of said court directed to the sheriff of Lyon County, Nevada, commanding and requiring said sheriff to satisfy said judgment out of the real and personal property of said Como Consolidated Mines Company, situate in said county. The said

writ of execution was delivered to the sheriff of Lyon County, and on January 23, 1923, in obedience thereof, said sheriff seized and levied upon all of the property, both real and personal, of said Como Consolidated Mines Company, situate and being in said county.

On February 21, 1923, Gurney Gordon on behalf of himself and all other stockholders of said Como Consolidated Mines Company, similarly situated, instituted an action in the Second judicial district court of the State of Nevada in and for Washoe County, in department No. 2 thereof, against said judgment debtor, Como Consolidated Mines Company, praying for the appointment of a receiver for said corporation to take charge of all of the property and assets of said Como Consolidated Mines Company; that on said day said Como Consolidated Mines Company appeared by and through its attorneys and consented to the appointment of a receiver, whereupon said district court, acting by and through Hon. Geo. A. Bartlett, the presiding judge of department No. 2 thereof, granted said application and ordered that said Gurney Gordon be appointed receiver of said debtor corporation; that thereafter said Gurney Gordon forthwith duly qualified and entered upon the discharge of his duties as such receiver, and thereupon on February 25, 1923, pursuant to said order appointing him receiver, served or caused to be served on the sheriff of Lyon County, Nevada, said order appointing said receiver, and proceeded on said day to take from said sheriff the possession of all of the real and personal property of the Como Consolidated Mines Company, and ousted the sheriff from the possession thereof.

The situation presented is one in which a ruling on the issues raised by the demurrer and objections would in effect decide the main question to be determined when the alternative writ of prohibition is heard on its merits, and, as this question was not argued or presented, a ruling thereon would be premature and at the same time deprive the parties of their day in court and the right to be heard on the merits.

It therefore follows that the order prayed for should be denied, and the petition be dismissed.

It is so ordered.

DUCKER, C. J.:  I concur.

CALLAHAN, District Judge:  I concur.

[NOTE — COLEMAN and SANDERS, JJ., being absent from the state, J. EMMETT WALSH and J. A. CALLAHAN, District Judges, participated in the consideration of this case, pursuant to designation by the Governor.]