# REINHART CO. *v.* OKLAHOMA GOLD MINING CO.

## No. 2647

June 25, 1924.                          226 Pac. 902.

### ON MOTION TO STRIKE AND DISMISS APPEAL

1. EXCEPTIONS, BILL OF—JUDGE'S CERTIFICATE THAT BILL OF EXCEPTIONS LEGALLY FILED AND SERVED HELD SURPLUSAGE.

   A judge's certificate that a bill of exceptions was filed and served within time allowed by law and orders of court adds nothing to certificate's force, and should be omitted, since bill of exceptions must stand or fall upon facts as they appear from record.

2. APPEAL AND ERROR—WHETHER A BILL OF EXCEPTIONS IS PROPERLY SETTLED AND ALLOWED IS FOR APPELLATE COURT.

   Whether a bill of exceptions is properly settled and allowed is for appellate court.

3. APPEAL AND ERROR—COURT MAY PROCEED ON THEORY THAT NO ORDER WAS MADE EXTENDING TIME TO FILE BILL OF EXCEPTIONS WHERE RECORD SHOWS NONE.

   Where there is nothing in record tending to show that an order was made extending time in which to file a bill of exceptions, appellate court may proceed on theory that none was made, and that bill of exceptions was not filed within time provided by law, and should therefore be stricken.

4. EXCEPTIONS, BILL OF—TRIAL COURT MAY EXTEND TIME FOR FILING.
   Trial court may extend time for filing bills of exceptions in view of Stats. 1915, c. 142, sec. 10, such act being in pari materia with Stats. 1923, c. 97, sec. 1, fixing 20 days within which bills of exceptions may be filed and served.

5. EXCEPTIONS, BILL OF—NOTICE OF TIME AND PLACE OF SETTLING AND ALLOWING TO RESPONDENT HELD UNNECESSARY.

   Notice of time and place of settling and allowing bills of exceptions to respondent was unnecessary in view of Stats. 1915, c. 142, sec. 3, where respondent did not serve and file a statement pointing out wherein such bill of exceptions did not show true facts, or wherein it omitted any material facts.

6. APPEAL AND ERROR—NOTICE OF APPEAL HELD TO HAVE NO PLACE IN FILES.

   A document designated "notice of appeal," which was not attached to and made a part of the record, nor certified to, and no showing being made that it was ever served as required by law or at all, had no place in the files on appeal.

7. APPEAL AND ERROR—MOTION TO STRIKE JUDGMENT ROLL NOT CONSIDERED WHERE APPELLATE COURT REQUIRED TO CONSIDER MERITS OF APPEAL.

   On a motion to strike and dismiss an appeal, a motion to strike the judgment roll because it constituted no part of the record could not be considered by appellate court, since it involved a consideration of the merits.

8. APPEAL AND ERROR—APPEAL NOT DISMISSED FOR FAILURE TO
SERVE COPY OF TRANSCRIPT ON RESPONDENT.

An appeal would not be dismissed where appellant failed
to serve a copy of the transcript upon respondent as required
by Supreme Court rule 13, since such irregularity could be
remedied without prejudice.

See 4 C. J. sec. 1618, p. 43, n. 42; sec. 1879, p. 267, n. 96; sec.
1890, p. 280, n. 96; sec. 2170, p. 451, n. 15; sec. 2222, p. 481, n.
77; sec. 2291, p. 516, n. 16; sec. 2426, p. 602, n. 33; sec. 2749,
p. 793, n. 47.

APPEAL from Sixth Judicial District Court, Humboldt
County, *James A. Callahan,* Judge.

Action by the E. Reinhart Company against the
Oklahoma Gold Mining Company and James Glynn,
receiver. Judgment for defendants, and plaintiff appeals.
On motion to strike and dismiss appeal. **Appeal
dismissed.**

Petition for rehearing denied.

*Warren & Dignan,* for Appellant:

Receiver has no right to property taken in execution
before his appointment. 34 Cyc. 328–9; Baldwin v.
Hosmer, 25 L. R. A. 739. Attachment creditor has
right to have debt satisfied, sheriff retaining property
in meantime. Hunt v. Court, 35 Pac. 1087. Judgment
lien is not affected by subsequent appointment of
receiver before execution. People v. Finch, 76 Pac.
1120. Validity of attachment cannot be raised for
first time in supreme court. Porter v. Poco, 55 Cal. 165.
Point that no valid levy was made is aside from issue.
4 Cyc. 604; O'Connor v. Blake, 29 Cal. 312.

Petaluma Bank v. Court, 44 Pac. 181, explains and
disposes of ancient case of Wisewell v. Sampson, 14
How. 52, and all respondent's arguments.

*James Glynn,* for Respondents:

Record does not show sheriff held property under
attachment at time he received execution. Attempted
levy was void. Rev. Laws, 5152. Omission of any
necessary steps in making attachment is fatal. Drake's
Attachment (5th ed.), secs. 194, 242; 111 Cal. 235.

In State ex rel. Irving Bank v. Court, 47 Nev. 83, this court refused to interfere, deciding matter should be presented to court which appointed receiver.

Possession of receiver is possession of court; attachment of property in custodia legis is contempt of court. Hall v. Stillson, 73 Fed. 527; 43 Cyc. 233–5.

Wisewall v. Sampson, 14 L. Ed. 322, firmly establishes principle and has been often approved and confirmed. Heldritter v. Oil Cloth Co., 28 L. Ed. 733.

## OPINION

By the Court, SANDERS, J.:

The appeal now before us was taken from an order made after judgment. Included in the record is a bill of exceptions, to which is attached a certificate of the judge who made the order questioned, to the effect that the bill of exceptions is correct, contains the substance of all of the material evidence relating to the points involved, and that the same was prepared, filed, and served within the time allowed by law and the orders of the court. A motion has been made in this court to strike and to dismiss the appeal.

1, 2. The motion to strike goes to that portion of the certificate of the judge to the effect that the bill of exceptions was filed and served within the time allowed by law and the orders of the court. The statute provides what shall be certified to, and it does not require a certification as to the matter sought to be stricken. It adds nothing to the force of the certificate, is mere surplusage, and should have been omitted, since the bill of exceptions must stand or fall upon the facts as they appear from the record, and not upon the certificate of the judge that the law has been complied with. Whether the bill of exceptions was properly settled and allowed is purely a question for this court; but, since the matter adds nothing to the legal effect of the record, we will make no order to strike, but will at the proper time consider the record as though the matter in question were not in the certificate.

3. It is next contended that the court had no authority to make an order extending the time in which a bill of exceptions might be filed. Since there is nothing in the record tending to show that an order was made extending the time, we might proceed upon the theory that none was made, and hence that the bill of exceptions was not filed within the time provided by law, and should, therefore be stricken. This might be well enough but for the fact that, if such orders were made and the bill of exceptions was settled and allowed in time, then we should not dismiss, but permit a diminution of the record for the bringing in of those orders; hence we are driven to the necessity of disposing of the contention that the court had no authority to make an order, or orders, allowing further time for a bill of exceptions.

4. Counsel for respondents contends that the act entitled "An act to regulate proceedings on motions for new trials and on appeal in civil cases" (Stats. 1923, p. 163, c. 97), fixes 20 days within which bills of exceptions may be filed and served, and that no authority is anywhere given the court to extend the time. True it is that no authority is given the court in the statute mentioned to extend the time for filing and serving a bill of exceptions, but section 10 of chapter 142, Stats. 1915, p. 164, which covers at length the method of preparing a bill of exceptions, and which is in pari materia, expressly confers authority upon the court to extend such time; hence we think there is nothing in the point made.

5. It is also contended that counsel for respondent had no notice of the time and place when the court would hear the application of appellant for the settling and allowing of the bill of exceptions, and hence the order so doing is void. We do not agree with this view. Section 3 of the act of 1915 provides that the adverse party may object to a tendered bill of exceptions—

"within five (5) days after the service of the same, by serving upon the opposite party and filing in said court a statement specifically pointing out wherein said bill

does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court. Such objections shall be heard and determined by the court within five (5) days thereafter. * * * If the objections of the adverse party are disallowed, then such bill as originally filed shall be immediately settled and allowed as by this act required."

The respondent did not serve and file a statement pointing out wherein said bill of exceptions does not state the true facts, or wherein it omits any material facts. By failing to file and serve such a statement, he forfeited his right to be heard, and notice of the time and place of settling and allowing the same was not necessary.

6. A motion is also made to strike from the files the document entitled "Notice of Appeal" for the reason that it is not properly certified to. This document is not attached to and made a part of the record, nor is it certified to, nor is there any showing that it was ever served as required by law, or at all. As it stands it has no place in the files.

7. A motion is also made to strike the judgment roll on the ground that it constitutes no part of the record on appeal from the order in question. We cannot fairly determine the point urged without considering the merits of the appeal; hence this motion should be denied.

8. Respondent also moves the court to dismiss the appeal for the reason that no copy of the transcript was served upon the respondent as provided in rule 13 of this court. The court has, as far as possible, abstained from dismissing appeals for irregularities in the preparation, filing, and serving of transcripts when such irregularities could be remedied without prejudice, which we think can be done in this case.

Other grounds for dismissal of the appeal are urged upon our consideration, but, as they go to the merits of the matter involved in the appeal, we decline to consider them at this time.

It is ordered that the appellant be given 10 days within which to supplement the transcript wherein deficient, as herein pointed out, and to serve a copy thereof upon the respondent. For a failure to comply with this order the appeal will be dismissed.

### ON PETITION FOR REHEARING

December 18, 1924.

*Per Curiam*:

Rehearing denied.

### FROM ORDER RECALLING EXECUTION

March 12, 1925.                               233 Pac. 842.

1. COURTS—ONLY COURT IN WHICH RECEIVERSHIP MATTER PENDING HAS JURISDICTION OVER ASSETS.

> Only the court in which receivership matter is pending has jurisdiction over the corporation's assets; so that execution on judgment against corporation levied before appointment of the receiver may not be recalled by the other court that rendered the judgment.

See 15 C. J. sec. 586, p. 1140, n. 1.

Action by the E. Reinhart Company against the Oklahoma Gold Mining Company. From order recalling, on petition of James Glynn, receiver of defendant, execution on judgment for plaintiff, plaintiff appeals. **Reversed, with directions.**

*James Glynn,* for Movants and Respondents:

Party who has appeared in action should be given notice of every application when he has any interest to appear and oppose it. Baylies Trial Prac. (2d ed.) 63; Pratt v. Rice, 7 Nev. 123; Gamble v. Court, 27 Nev. 244. Order made without notice is void. 46 Cal. 32. Notice must appear in record on appeal. Herrlich v. McDonald, 22 Pac. 299.

Extending time to tender bill of exceptions is jurisdictional act; ex parte order therefor is void. Taylor v. Derry, 35 Pac. 60.

Copy of judgment roll is not to be annexed to copy

of statement on appeal, unless appeal is taken from judgment. 24 Nev. 461; 45 Nev. 265.

Opposing party is entitled to be heard on signing bill of exceptions. Rev. Laws, 5343. Notwithstanding Rev. Laws, 5358, where appellant fails to comply with provisions of statute, appeal must be dismissed. Ward v. Silver Peak, 39 Nev. 80; Western E. Co. v. Nevada A. Co., 33 Nev. 206.

Bill of exceptions must be settled, allowed, filed and served within twenty days (1923 Stats. 163.), sections 1, 2 and 13 of 1915 Stats. 164, being expressly repealed, nullify section 10 of 1919 Stats. 55.

Order affecting substantial right is vacated on showing want of notice. Wheeler v. Emmeluth, 121 N. Y. 241; Ward v. Tucker, 35 Pac. 126.

Section 17, article 4 of constitution limits legislation. Acts contrary thereto may be declared void. Dayton Mng. Co. v. Seawell, 11 Nev. 394.

Positive direction implies prohibition of anything contrary thereto. Potters Dwarris, Statutes and Constitutions, 64–5.

Section 2 of 1923 Stats. 163, is unconstitutional as attempt to invade power of judicial function of government, ignoring established rules of court, and violating substantial rights of litigants.

Failure to file and serve notice is defect which respondent can insist is substantial right vested in him. Court cannot cure defect by granting leave to file notice after time has expired therefor.

*Warren & Dignan,* for Appellant:

Respondents' authorities must be entirely ignored for reason that this court has already determined question of necessity of notice of time of settlement of bill of exceptions against respondents. But if authorities are considered in point, then supplemental transcript which sets forth orders and proof of service makes them aside from any question before this court. We cite no authorities, as it so plainly appears no point at all has been made.

## OPINION

By the Court, COLEMAN, C. J.:

This is an appeal from an order made after judgment. The facts are these: The plaintiff obtained a judgment against the Oklahoma Gold Mining Company, a corporation, in the Sixth judicial district court in and for Humboldt County, Nevada, upon which an execution was issued and placed in the hands of the sheriff of that county, under which he levied upon certain property of the defendant company. James Glynn was appointed receiver of the defendant company by the Second judicial district court in and for Washoe County, Nevada, and thereafter he filed in the suit of E. Reinhart Company, a Corporation, v. Oklahoma Gold Mining Company, a Corporation, wherein the judgment mentioned had been rendered, his petition averring his appointment and qualification as receiver of said defendant company and that the property is in the possession and under the control of said Glynn, as receiver, the issuance and levy of the execution as herein stated, and praying that the said sheriff be cited to show cause why a restraining order should not be issued restraining said sheriff from proceeding further under said execution, and from selling or offering for sale the property of defendant company under said execution. There is no allegation of the time of appointment and qualification of the receiver. So far as appears, it was after the levy by the sheriff. The sole ground relied upon for the order recalling the execution is the appointment and qualification of the receiver. Upon the hearing of said petition of James Glynn as receiver, it was ordered that the execution theretofore issued as aforesaid be recalled, set aside, and vacated, and that the sheriff return the same into court, and that said sheriff make no sale under said execution.

No cases are called to our attention by counsel for either party presenting a state of facts similar to those in this case, for the reason, probably, that none exists.

Counsel for respondents cites several authorities on propositions of law concerning which there can be no dispute, but they do not bear upon the proposition to be determined. The case most strongly relied upon by respondents is that of State ex rel. Irving National Bank v. Second Judicial District Court, 47 Nev. 86, 217 Pac. 962. That case is not in point. That proceeding was one in which the order sought to be set aside was made in the matter of the receivership. Such is not the case here. We held substantially in that matter that the court in the matter of the receivership had complete control over the proceedings in the law action —that it superseded the law court in controlling the proceedings under the execution. We further held in that matter that the court, having charge of the receivership, if a proper showing was made, might permit the sheriff to proceed with the execution sale. In other words, we practically held in the proceeding that the court in which the judgment was rendered had lost control over the proceeding had under the execution. But while we so held, we do not think there is anything in that decision giving any court authority to determine the rights as between the receiver and the sheriff, other than the court in which the receivership matter is pending. To take any other view would handicap, if not entirely tie, the hands of the court in that matter. The receiver, having the right to all of the assets of the defendant company subject to certain limitations, should have applied to the court wherein that matter was pending for such relief as he deemed himself entitled to, wherein the judgment creditor may at any time make a showing justifying an order of sale under the execution. If some other ground had been relied upon for the order complained of other than the mere fact that a receiver had been appointed for the Oklahoma Company, we might be reluctant to override the discretion of the lower court; but since no other court has jurisdiction over the assets of a corporation for which a receiver has been appointed, or authority to control the receiver, other than the court in which

the receivership matter is pending, we can see no theory upon which the order recalling the execution was proper.

It is ordered that the order appealed from be reversed, and that the lower court take whatever steps are necessary to reinvest the sheriff with the authority of which he was divested by the order appealed from.