## CALDWELL *v.* WEDEKIND MINES CO.

### No. 2787

December 9, 1927.                    261 P. 652.

1. APPEAL AND ERROR—DEFECTIVE CERTIFICATE.

Certificate attached to bill of exceptions, reading, "I hereby certify that the above and foregoing 'bill of exceptions' does truly and correctly set forth the pleadings, some evidence, some testimony, orders, rulings, decisions, and judgment of the court, and the exceptions taken thereto by the plaintiff, and the same is hereby settled and allowed," did not comply with requirements of Stats. 1923, c. 97, sec. 1, since it did not contain any statement that bill of exceptions was correct, or that it contained substance of proceedings relating to points involved, and hence bill of exceptions could not be considered on appeal.

2. APPEAL AND ERROR—APPEAL STATUTE MUST BE LIBERALLY CONSTRUED.

Stats. 1923, c. 97, sec. 2, prohibiting dismissal of appeal for any defect or informality in appellate proceedings until appellant has been given an opportunity to amend or correct defect, should be construed liberally with aim of conforming to evident spirit prompting legislation, but in doing so court cannot ignore positive statutory requirements.

3. APPEAL AND ERROR—AMENDMENT OF BILL OF EXCEPTIONS.

Under Stats. 1923, c. 97, sec. 2, court could not order amendment of bill of exceptions after time provided by section 1 had expired within which such bill of exceptions should have been settled, so as to bring into it evidence not incorporated therein.

4. APPEAL AND ERROR—DEFECTIVE CERTIFICATE.

Where it did not appear from record that certificate attached to bill of exceptions could be amended so as to conform to Stats. 1923, c. 97, sec. 1, proposed bill of exceptions must be stricken from record, notwithstanding section 2 relating to dismissal of appeals.

#### C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2169, p. 451, n. 15; p. 452, n. 19; sec. 2225, p. 484, n. 95; sec. 2242, p. 496, n. 93; sec. 2267, p. 507, n. 8 (new).

APPEAL from Second Judicial District Court, Washoe County; *Frank T. Dunn,* Judge.

Action by Gladys I. Caldwell, administratrix of the estate of Jonathan B. Dixon, deceased, against the Wedekind Mines Company and others. From an order denying and overruling a motion for a new trial, plaintiff appeals. Defendants move to strike the bill of

exceptions and to dismiss the appeal.  **Bill of exceptions stricken.**

*John S. Sinai,* for Movant:

Certificate of judge to bill of exceptions that it contains "some" evidence and "some" testimony is insufficient.  It must be to effect that bill of exceptions is correct, contains "substance" of proceedings relating to point or points involved and has been so settled and allowed.  Stats. 1923, 163; Capurro v. Christensen, 46 Nev. 249.  Statutes on procedure must be strictly construed.  Hainlin v. Budge, 47 S. 825.  Their enforcement is mandatory, not technical.  Rickey v. Douglas M. & P. Co., 45 Nev. 431.

Uncertified record is no record.  If there is no bill of exceptions in record, order denying motion for new trial cannot be reviewed on merits and appeal from such order will be dismissed.  Love v. Mt. Oddie U. M. Co., 43 Nev. 61.

Defect in certificate is so flagrant we refrain from citing authorities in support of other grounds.

*Wayne T. Wilson,* for Appellant:

Respondent chooses to be technical.  Stats. 1923, 163, provides that certificate shall be "to the effect" that bill is correct, etc.  Such certificate is attached.  "To the effect" means "to the purpose," "to the general intent."  What does "substance" mean?  "Essential part," "material part," "meaning."  Substance has nothing to do with form.  Hugh v. Miller, 52 NW. 38; Law v. State, 38 S. 798.

"Proceedings" means, according to Cyc., "all steps taken in prosecution or defense of action."  In Stats. 1923, 163, it was substituted for "material evidence," used in Stats. 1915 (3 Rev. Laws, p. 3343).

It is not required that evidence be in bill of exceptions.  Judge said it correctly sets forth pleadings, orders, decisions, judgment of court and some evidence and testimony.  Is not that "in effect" the "substance of the

proceedings"? If objections are good, proper corrections may be made. No appeal shall be dismissed for any irregularity * * *. Rev. Laws, 5328; Warren v. Wilson, 46 Nev. 275. Missing papers may be supplied. Stats. 1923, 163, sec. 5. Water Co. v. Belmont Dev. Co., 48 Nev. 172.

Stats. 1923, 163, was passed for specific purpose of destroying effect of Capurro v. Christensen. Surely it is no longer controlling.

Bill of exceptions was filed in supreme court on August 3, 1927, when trial judge had not filed any findings, conclusions or judgment.

Judge is author of minutes and judgment and is competent to say if they are correct. No clerk's certificate is required.

## OPINION

By the Court, SANDERS, C. J.:

This is a motion to strike the bill of exceptions made a part of the record herein, and to dismiss the appeal taken from an order denying and overruling a motion for a new trial entered in the above-entitled action.

The written motion is supported by the affidavit of counsel for respondents and the record and files herein. Several causes are assigned as grounds for the motion to strike. The one particularly stressed in argument is that there is no bill of exceptions settled and allowed by the court or judge or by stipulation as required by section 1 of the Statutes of 1923, chapter 97, page 163, in the record. On the other hand, counsel for appellant insists that by fair construction and reasonable intendment the certificate attached to the bill of exceptions shows it to have been properly settled, allowed, certified, and made a part of the record, and that the motion to strike should be denied.

The only way this court can determine whether a bill of exceptions is valid is to examine the certificate required by section 1 of the Statutes of 1923 to be

attached thereto.  It is held in Shirk v. Palmer, 48 Nev. 451, 232 P. 1083, 236 P. 678, 239 P. 1000, that a bill of exceptions is not entitled to consideration, where neither the stipulation nor the certificate of the trial judge certifies to the matters required by section 1 of the Statutes of 1923, and that bills of exceptions will be stricken when not settled conformably thereto.  Said section 1 provides, inter alia: "At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding.  *   *   * "

The certificate attached to the bill of exceptions herein reads:

"I hereby certify that the above and foregoing 'bill of exceptions' does truly and correctly set forth the pleadings, some evidence, some testimony, orders, rulings, decisions, and judgment of the court and the exceptions taken thereto by the plaintiff, and the same is hereby settled and allowed."

1.  It will be observed that the certificate does not contain any statement that the bill of exceptions is correct, or that it contains the substance of the proceedings relating to the point or points involved.  On the contrary, it does appear from the certificate that it contains only some of the evidence and some of the testimony.  It is perfectly clear that the certificate does

not conform to the requirements of the statute, and, therefore, the bill of exceptions cannot be considered on the appeal from the order denying appellant's motion for a new trial.

2, 3. It is insisted on the part of appellant that the case of Capurro v. Christensen, 46 Nev. 249, 209 P. 1045, relied on by counsel for respondents in support of the motion to strike, is not in point, for the reason that since the rendition of the opinion in that case section 2 of the act of 1923 has been enacted, and, if the certificate be deemed defective, the appellant is entitled to have it amended or corrected by virtue of the provisions of said section. It was the evident purpose of the provisions to prevent the dismissal of appeals, where it could be done without material injury. Such being its obvious intent, we should construe the provisions liberally, with the aim of conforming to the evident spirit prompting the legislation, but, in our efforts to give the provisions a liberal construction, we cannot ignore positive statutory requirements. We cannot order the amendment of a bill of exceptions after the time has expired within which such bill of exceptions should have been settled so as to bring into it evidence not incorporated therein. Shirk v. Palmer, supra; Water Co. v. Belmont Development Co., 49 Nev. 172, 241 P. 1079.

4. It does not appear from the record that the certificate can be amended so as to conform to the provisions of section 1 of the Statutes of 1923, and counsel for appellant has made no showing to that effect. It is therefore ordered that the proposed bill of exceptions be stricken from the record.