## MARKWELL *v.* GRAY

No. 2795

March 31, 1928. 265 P. 705.

1. EXCEPTIONS, BILL OF—NOTICE OF ORDER DENYING MOTION FOR NEW TRIAL IS NOT NECESSARY PREREQUISITE BEFORE LIMITATIONS FOR FILING BILL OF EXCEPTIONS BEGIN TO RUN.

Service of notice of order denying motion for new trial is not a necessary prerequisite before 20-day period for filing bill of exceptions, under Stats. 1923, c. 97, sec. 1, begins to run; there being no provision for such notice in such statute, in which case it is duty of moving party to ascertain entry of such order.

2. EXCEPTIONS, BILL OF—BILL OF EXCEPTIONS, NOT FILED WITHIN 20 DAYS AFTER ORDER DENYING MOTION FOR NEW TRIAL CANNOT BE CONSIDERED.

On failure to file transcript as a bill of exceptions within 20 days after decision on motion for new trial, as required by Stats. 1923, c. 97, sec. 1, it cannot be considered by supreme court on appeal.

3. APPEAL AND ERROR—PAPERS, DOCUMENTS, AND FILES RELATING TO MOTION FOR NEW TRIAL, NOT INCORPORATED IN BILL OF EXCEPTIONS, CANNOT BE CONSIDERED.

Papers, documents, and files relative to motion for new trial do not constitute part of judgment roll, as defined by Rev. Laws, sec. 5273, and cannot be considered when not incorporated in bill of exceptions, even though certified by clerk.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 1769, p. 162, n. 79; sec. 1889, p. 76, 79.

APPEAL from Eighth Judicial District Court, Churchill County; *Clark J. Guild,* Judge.

Action by Margaret Markwell against J. H. Gray and others. From a judgment of dismissal and an order denying a motion for new trial, plaintiff appeals. On

motion to dismiss appeal from order denying motion for new trial and to strike papers, files, and documents specified in the motion. **Motion sustained.**

*A. L. Haight* and *Price & Hawkins,* for Movants:

Matters may be presented to this court for review upon appeal by bills of exception, and not otherwise. Appeals are creatures of statute, and except as authorized by the statute do not exist.

The act of 1915, p. 164, et seq., vol. 3, Rev. Laws, p. 3342, et seq., as amended by statute of 1923, p. 163, et seq., constitute the statutory method for procedure on appeals in civil actions.

Section 414 of the practice act, being sec. 6356 Rev. Laws, vol. 2, was repealed by the act of 1915, p. 164, supra.

It is, therefore, submitted that appellant has no right to bring to or file in this court, upon her appeal from the judgment, and upon her appeal from the order denying her motion for a new trial, any volumes, documents or papers other than such as are authorized and prescribed by the provisions of said statutes above referred to, viz, 1915 and amendments thereto; and that such volumes, documents or papers so sought to be presented to this court must, in order to confer jurisdiction upon the court to consider same, be certified in the manner and form as prescribed by said statutes governing appeals; and that the steps prescribed by such statutes must be taken within the times prescribed and defined, unless it appear from the record that those times were enlarged in the way and manner as prescribed and authorized by such statutes.

By the statute of 1923, p. 163, bills of exceptions must be served and filed within 20 days after the decision upon the motion for a new trial, unless such time be extended, as by the statute authorized. Water Co. v. Belmont Development Co., 49 Nev. 172, 180.

*G. Gunzendorfer,* for Appellant:

Appellant respectfully directs the attention of the court to the following: State v. Murphy, 29 Nev. 247;

Studebaker Bros. Co. v. Witcher, 195 Pac. 334; sec. 381 (Revised Laws, 5323), as amended in 1921 (Statutes 1921, p. 149).

*Per Curiam:*

On August 27, 1927, Margaret Markwell, appellant, plaintiff in the lower court, perfected her appeal from a judgment of dismissal of her action in equity, entered on April 13, 1927, and her appeal from an order denying her motion for new trial, entered on June 28, 1927. The respondents, defendants in the lower court, move to dismiss the appeal from the order denying the motion for new trial, and also move to strike the papers, files, and documents specified in the motions.

The parties will be designated as they appeared in the court below.

We shall first consider and dispose of the motion to dismiss. The motion is based upon the ground that no bill of exceptions was served and filed within 20 days after the decision upon the motion for new trial, as required by section 1 of chapter 97, Statutes 1923. In opposition to the motion, the plaintiff makes two contentions: (1) That the time prescribed by the statute does not begin to run until after notice of the decision upon the motion for new trial is served; (2) that, upon the showing made by the affidavit of counsel for plaintiff, filed in opposition to the motion, the motion should be denied.

1. The first contention is untenable. Concededly, no service of notice of the making of the order is required by the statute. Where no provision is made for notice, it is the duty of the moving party to ascertain the entry of such an order. Hayne New Trial and Appeal (Rev. Ed.), p. 878, sec. 168, citing cases.

According to the affidavit filed in opposition to the motion to dismiss, plaintiff's motion for new trial was argued and submitted for decision on June 16, 1927, and taken under advisement. Immediately upon the submission of the motion, the trial judge spoke to the affiant about the possibility of an amicable settlement of the

controversy; that thereafter, upon the invitation of the
judge, the parties and their attorneys met in his cham-
bers for purpose of considering a settlement of the case,
and, as a result of the negotiations there carried on, in
which the judge participated, a tentative settlement was
reached, which involved various details requiring time
to work out, and an adjournment was taken to effectuate
the settlement; that, at the time of the adjournment,
affiant was given to understand that nothing further
would be done in the action, especially as to said motion
for a new trial, in view of the probable settlement of the
controversy; that on June 28, 1927, and while the pro-
posed settlement was in process of maturing, the court
made, and caused to be entered, an order denying plain-
tiff's motion for new trial; that neither the judge, his
clerk, nor the attorneys for defendants gave plaintiff or
affiant any notice, verbal or written, of the decision and
order denying the motion; that on several occasions
affiant conversed with the judge, on two of which the
judge inquired of affiant as to the status of the settle-
ment of the case, but said nothing to affiant of having
made an order denying plaintiff's motion for new trial,
and affiant remained in utter ignorance thereof until he
was informed by plaintiff on August 26, 1927, that she
had just been advised that an order denying the motion
had been made by the judge on June 28, 1927; that on
September 1, 1927, affiant requested Prince A. Hawkins,
one of the attorneys for defendants, to stipulate that the
court make an order extending time in which to serve
and file a bill of exceptions; that the request was refused
by Mr. Hawkins, who referred affiant to the judge; that
thereupon affiant communicated with the judge, and also
forwarded to him a blank form of order, extending the
time to September 30, 1927, in which to serve and file a
bill of exceptions; that the judge, in answer to the com-
munication, referred affiant to the attorneys for the
defendants for a stipulation agreeing to the entry of the
order; that affiant again requested of Mr. Hawkins such
stipulation, which was refused, with the statement that
affiant was authorized to say to the judge that Mr.

Hawkins did not object to the entry of the order; that thereafter affiant again communicated with the judge, and on September 13, 1927, the clerk of the court informed affiant that on that day the judge had refused to extend the time in which to serve and file a bill of exceptions. No counter affidavit was filed.

Counsel for the plaintiff contends that, upon the showing made by the uncontradicted facts contained in his affidavit, this court, in furtherance of justice, should deny the motion to dismiss the appeal from the order denying plaintiff's motion for new trial. On the other hand, counsel for the defendants insist that, where necessary steps are not taken within the time required by statute, and the time has expired, the district court loses jurisdiction to enter an order extending the time to serve and file a bill of exceptions after such time has expired. Caldwell v. Wedekind Mines Co., 50 Nev. 366, 261 P. 652; Joudas v. Squire, 50 Nev. 42, 249 P. 1068; Water Co. v. Belmont Dev. Co., 49 Nev. 172, 241 P. 1079; E. Reinhart Co. v. Oklahoma G. M. Co., 48 Nev. 32, 226 P. 902, 233 P. 842; Shirk v. Palmer, 48 Nev. 451, 232 P. 1083, 236 P. 678, 239 P. 1000. These authorities do not specially hold that, where a proper and well-grounded application is made invoking the jurisdiction of the court to relieve a party of the consequences of his default, the court has no power, under any circumstances, to relieve a party of such default.

It is held, under statutes substantially the same as section 142 of our civil practice act (sec. 5084, Rev. Laws), that district courts may allow and settle bills of exception after statutory time has elapsed, if it appears that the party seeking settlement failed to present same within the time fixed by statute, through excusable neglect. Sherman v. Southern Pacific, 31 Nev. 285, 102 P. 257; 2 Cal. Juris. (Appeal and Error), sec. 293; 4 Corpus Juris, 291. But by this observation we do not wish to be understood as committing ourselves upon the question as to whether or not plaintiff is entitled to relief in the lower court under the section referred to.

2. Pursuant to our former decisions, we conclude that

the transcript as a bill of exceptions, not having been served and filed within the time required by the statute, cannot be considered by this court upon plaintiff's appeal from the order denying her motion for new trial, and, there being nothing before the court upon which it can be determined whether the court below erred in denying plaintiff's motion for new trial, it follows that the appeal from said order must be dismissed.

3. Upon the authority of Joudas v. Squire, supra; Water Co. v. Belmont Dev. Co., supra; McGuire v. Ehrlich, 49 Nev. 319, 245 P. 703, the respondents' motion to strike the papers, documents, and files specified therein must be sustained, for the reason that they constitute no part of the judgment roll, as defined by section 5273, Rev. Laws, and, not being incorporated in any bill of exceptions, they cannot be considered, and should be stricken. The fact that they are certified by the clerk is immaterial. Bowers v. Charleston Hill Nat. Mines, 50 Nev. 99, 251 P. 721.

The motion to dismiss the appeal taken from the order denying plaintiff's motion for new trial and the motion to strike are sustained.

It is so ordered.