*Vacated per order 7/8/20.*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

YOSSI ATTIA, AN INDIVIDUAL; AND MOSHE SCHNAPP, AN INDIVIDUAL, Appellants/Cross-Respondents,
vs.
DENNIS E. RUSK, ARCHITECT, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND DENNIS E. RUSK, AN INDIVIDUAL, Respondents/Cross-Appellants.

No. 75290

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal and cross-appeal from a district court judgment after a bench trial in a breach of contract action. Eighth Judicial District Court, Clark County; Joanna Kishner and Eric Johnson, Judges.[1]

Appellants/cross-respondents Yossi Attia and Moshe Schnapp (Jacob)[2] hired respondents/cross-appellants Dennis E. Rusk and Dennis E. Rusk, Architect, LLC (collectively, Rusk) to design the Verge project, a high-rise building in downtown Las Vegas. The relationship between the parties soured due to budgetary concerns and difficulties securing city approval of Rusk's plans, and Attia's company terminated Rusk from the project. The parties then asserted claims against each other related to the project's failure, but later agreed to mutually release all their claims based on a settlement agreement that required Attia and Jacob to pay Rusk.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Moshe Schnapp is referred to throughout the proceedings as Moshe Jacob, therefore this court will refer to appellant/cross-respondent Moshe Schnapp as "Jacob."

19-46847

When Attia and Jacob failed to pay Rusk pursuant to the settlement agreement, Rusk sued them for breach of contract and asserted fraud-based claims, seeking the unpaid balance of the settlement agreement and punitive damages. Attia asserted counterclaims relating to the original contract between the parties and later amended his countersuit to include a claim for fraud in the inducement of the settlement agreement based on allegations that Rusk promised to give them pre-approved plans to complete the Verge project.

The district court bifurcated the trial, limiting the first phase to the issue of whether Rusk fraudulently induced Attia and Jacob into entering into the settlement agreement. After the bench trial on that issue, the district court found that Attia and Jacob failed to prove their fraud claim by clear and convincing evidence and, thus, the settlement agreement was valid. The district court then entered judgment for Rusk on the contract-based claims, ordered Attia and Jacob to pay Rusk damages and interest for the unpaid amount due under the settlement agreement, and cancelled the second phase of trial. The district court did not address Rusk's claims seeking punitive damages.

Because our preliminary review of the record revealed potential jurisdictional defects, this court ordered the parties to show cause why this matter should not be dismissed for lack of jurisdiction. Having considered the parties' responses, we conclude that the district court's January 30, 2018, decision and order is appealable as a final judgment because it disposed of all the issues presented in the case. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (describing what constitutes a final, appealable judgment).

The parties initially challenge whether Rusk and Jacob lack standing to appeal. Reviewing de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011), we conclude that both parties have standing. Jacob has standing to appeal because the appealed order imposes financial obligations on him. *See* NRAP 3A(a) (requiring a party be aggrieved by an appealable judgment or order to have standing to appeal); *Ginsburg*, 110 Nev. at 446, 874 P.2d at 734 ("A party is 'aggrieved' within the meaning of NRAP 3A(a) when . . . a . . . right of property is adversely and substantially affected by a district court's ruling." (internal quotation marks omitted)). Rusk also has standing because the district court rejected his claims seeking punitive damages. *See Ginsburg*, 110 Nev. at 446, 874 P.2d at 734; *see also* 5 Am. Jur. 2d *Appellate Review* § 244 (2019) (recognizing that plaintiffs that prevailed at trial still have standing to appeal if they believe the judgment was "less favorable than it should be" or want to challenge "the adequacy of the damages").

In their appeal, Attia and Jacob argue that the district court abused its discretion in admitting two pieces of evidence—Rusk's testimony that he believed that the city had approved his plans and a copy of the plans with the city's stamp of approval. We conclude that the district court did not abuse its discretion in admitting the challenged evidence because it was relevant to Rusk's state of mind during the settlement agreement negotiations. *See* NRS 48.015 (defining relevant evidence); *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion); *see also J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004) (including a party's knowledge or belief that a representation was false as

SUPREME COURT
OF
NEVADA

(O) 1947A

3

one of the elements necessary to establish fraud in the inducement). And, contrary to Attia and Jacob's argument, the court's earlier order giving preclusive effect to an administrative board's findings that Rusk acted negligently in preparing the building plan at issue did not, implicitly or explicitly, exclude Rusk from testifying that he believed the city had approved his new plans. Even if the pretrial ruling did preclude this testimony, the district court is free to change its ruling before the entry of a final written order. NRCP 54(b); *Rust v. Clark Cty. School Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987). Further, the district court did not consider the plans for the truth of the matter asserted (that the city had approved them) but rather so Rusk could demonstrate the basis for his *belief* that the city had approved them, such that the plans were not inadmissible hearsay evidence. *See* NRS 51.035 (defining hearsay evidence). Because Attia and Jacob present no other basis for reversing the district court's judgment, we affirm that judgment insofar as it found the settlement agreement between the parties to be valid and rejected Attia's claim of fraud in the inducement.

In the cross-appeal, Rusk argues that the district court erred by depriving him of the opportunity to pursue his fraud claims. We agree. By canceling the second phase of trial, the district court summarily foreclosed Rusk's claims seeking punitive damages without hearing any evidence on those claims. *See* NRS 42.005(3) (requiring the court to first determine whether the claimant presented sufficient evidence to support an award of punitive damages and then hold a subsequent proceeding to determine the appropriate amount of punitive damages); *see also Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 623-24, 173 P.3d 707, 714 (2007) (holding that the district court erred when it summarily disposed of a party's fraud claim

solely based on its ruling on a related breach-of-contract claim and without hearing any evidence on the fraud claim); *State v. Second Judicial Dist. Court*, 47 Nev. 83, 85, 215 P. 641, 642 (1923) (recognizing that it is error to "deprive the parties of their day in court and the right to be heard on the merits"). We therefore reverse the district court's judgment to the extent it rejected Rusk's claims seeking punitive damages.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

---

[3]We decline to address Rusk's argument that the district court erred in denying his summary judgment motions because he failed to make a cogent argument on appeal. *See* NRAP 30(b)(3); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider an appellant's argument that is not cogent or lacks relevant, supporting authority). And we do not consider Rusk's argument that the district court erred in granting Attia leave to amend his counterclaims because those counterclaims have been dismissed and that dismissal is not challenged on appeal.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc:    Hon. Eric Johnson, District Judge
        Hon. Joanna Kishner, District Judge
        M. Nelson Segel, Settlement Judge
        Marquis Aurbach Coffing
        Nersesian & Sankiewicz
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(0) 1947A