BUTTE   MACHINERY   CO.,   Respondent,   v.   CITY   OF
BUTTE, Appellant.

(No. 2,985.)

(Submitted May 12, 1911.   Decided May 27, 1911.)

[116 Pac. 357.]

*Cities   and   Towns—Actions   Against—Injuries   to   Property—
Notice—Complaint—Insufficiency.*

Cities and Towns—Actions Against—Injuries to Property—Notice.
  1.   The provision of section 3289, Revised Codes, requiring that before a city or town can be held liable for damages for an injury on account of any defect in a street, sidewalk, *etc.*, notice thereof must be given to the municipality, is applicable as well to injuries to property as it is to those of a personal character.
Same—Complaint—Insufficiency.
  2.   The complaint in an action against a city for damages to plaintiff's premises occasioned by a defective sewer-pipe, which failed to allege that the notice required by section 3289, Revised Codes, had been given to defendant city, did not state a cause of action.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

Action by the Butte Machinery Company against the City of Butte.   Defendant had judgment, and the district court ordered a new trial.   Defendant appealed.   Reversed and remanded.

*Mr. Edwin M. Lamb, Mr. John R. Boarman,* and *Mr. N. A. Rotering,* for Appellant, submitted a brief.   *Mr. Rotering* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer* submitted a brief in behalf of Respondent.   *Mr. A. Kremer* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages claimed to have been suffered by plaintiff as the result of alleged negligence on the part of the city of Butte. The trial of the cause resulted in a verdict and judgment in favor of the defendant city. The trial court granted plaintiff a new trial, and defendant appealed from the order.

The complaint alleges that the city was negligent in caring for a certain public sewer; that the sewer-pipe became decayed; that the city was given notice of the defect, but failed to make repairs; that the sewer-pipe finally gave way, and the sewage flowed out over plaintiff's property, causing damage to the amount of $2,750. The complaint does not allege that plaintiff, or anyone in its behalf, ever gave to the city or its officers any notice of the injury. It is alleged that the damage occurred on May 15, 1909. The action was commenced on November 4, 1909. Section 3289, Revised Codes, provides: "Before any city or town in this state shall be liable for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat or public works of any kind in said city or town, the person so alleged to be injured, or someone in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred." The provisions of [1] this section are applicable alike to injuries to person and injuries to property. (*Nichols* v. *City of Minneapolis*, 30 Minn. 545, 16 N. W. 410.) In *Tonn* v. *City of Helena*, 42 Mont. 127, 111 Pac. 715, the reason for requiring such notice is fully set forth. The same reason exists for the notice in case of injury to property as in case of injury to the person. (*Nichols* v. *City of Minneapolis*, above.) In an action against a municipality, under a statute of this character, the rule is quite uniform

throughout the country that in order to state a cause of action, the complaint must allege that the required notice was given. (28 Cyc. 1470.)

In failing to allege that the notice was given, the complaint [2] fails to state a cause of action, and the trial court erred in granting a new trial. The order is reversed and the cause is remanded, with directions to set aside the order, and enter, in lieu thereof, an order refusing plaintiff a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.