## JOHNS–MANVILLE, INC. *v.* LANDER COUNTY

No. 2701

November 23, 1925.                    240 Pac. 925.

1. APPEAL AND ERROR—PAPERS AND FILES USED IN SUPPORT OF MOTION TO VACATE DEFAULT ORDER FORM NO PART OF "JUDGMENT ROLL."

Papers and files used in support of a motion to vacate a default order certified as part of the judgment roll, from which alone the appeal was taken, without bill of exceptions, will be stricken on motion therefor as being no part of "judgment roll" within Rev. Laws, sec. 5273.

2. STATUTES—STATUTORY RIGHT LIMITED TO EXACT WORDS OF ACT CREATING RIGHT.

Right created solely by legislation will be limited in its application to exact words of act creating right.

3. SCHOOLS AND SCHOOL DISTRICTS—COMPLAINT AGAINST BOARD OF COUNTY COMMISSIONERS FOR FAILURE TO TAKE BOND OF CONTRACTOR TO WHOM PLAINTIFF FURNISHED MATERIAL HELD TO REQUIRE REVERSAL OF JUDGMENT IN FAVOR OF PLAINTIFF AS NOT STATING CAUSE OF ACTION.

In action against board of county commissioners for material furnished to contractor employed by defendants to construct high school building pursuant to Stats. 1921, p. 63, based on defendants' failure within Stats. 1913, p. 407, secs. 1, 5, 12, to take bond of contractor, complaint merely averring defendants failed to exact bond, without additionally averring that they failed to take the bond, *held* to require reversal as not stating cause of action; the latter statute requiring a strict construction.

See (1) 4 C. J. sec. 1775, p. 168, n. 34; (2) 36 Cyc. p. 1177, n. 98, 1; (3) 35 Cyc. p. 961, n. 77; p. 968, n. 53.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action by Johns-Manville, Incorporated, of California, against the county of Lander (sometimes called Lander County), and three others as constituting Board of County Commissioners. Judgment for plaintiff, and defendants appeal. **Reversed.** (Pending on petition for rehearing.)

*Howard E. Browne,* District Attorney, for Appellants:

Numerous cases have been before this court wherein Rev. Laws, 5084, giving discretionary power to court to relieve parties from defaults, have been construed, and in practically every instance where default was entered,

Where complaint fails to state cause of action, or where under existing facts it is impossible to state cause of action, judgment thereon is void and will be reversed. Question may be raised for first time on appeal. Cal. State Tel. Co. v. Patterson, 1–2 Nev. 124; Neilsen v. Rebard, 43 Nev. 274; Gerrens v. Mng. Co., 10 Nev. 137; Nichols v. W. U. Tel. Co., 44 Nev. 148.

*E. F. Lunsford*, for Respondent:

Appeal is from judgment roll alone, which is permissible. Rev. Laws, 3334. Section 5273 provides just what papers shall constitute judgment roll and in as much as record discloses that judgment entered was upon default of Lander County, subdivision 1 of said section applies. Papers other than those which constitute judgment roll are not properly before court and cannot be considered. Howard v. Richards, 2 Nev. 136.

Answer filed in support of motion to set aside default is no part of judgment roll and on motion should be stricken. Reinhart v. Company D., 23 Nev. 369.

In Rosenthal v. Rosenthal, 39 Nev. 74, this court said it had been repeatedly held that in absence of statement on appeal or bill of exceptions court was confined to consideration of judgment roll alone.

If motion to strike is granted nothing remains except

papers properly constituting judgment roll, and if complaint states cause of action, judgment must be affirmed.

Stats. 1913, p. 407, sec. 5, provides that if party letting contract shall fail to exact and take bond such party and its officers shall be jointly and severally liable.

Granting or refusing to set aside defaults is matter of sound discretion of trial court; unless there has been abuse of that discretion, this court will not reverse such decisions. It is significant that of the ten cases cited by appellant, action of trial court was reversed in but two, Kidd v. Mng. Co. 3 Nev. 381, and Horton v. New Pass, 21 Nev. 184. In the one defendant was misled by summons, and the other excusable neglect was clearly shown. In case at bar, absolutely no excuse is offered— simply fact that correspondence passed between district attorney and Salt Lake attorneys, but even this is not pointed out as cause of neglect to file answer. If neglect is inexcusable, default will not be set aside. Baumann v. Nev. Col. Corp., 44 Nev. 10; Wyle v. Lynch, 195 Fed. 392; Guardia v. Guardia, 48 Nev. 230.

In plain case discretion has no office to perform; its exercise is limited to doubtful cases. If it is doubted whether excuse is sufficient, judgment of court below will not be disturbed. Bailey v. Taafe, 29 Cal. 426, cited with approval in Horton v. New Pass, 21 Nev. 189.

## OPINION

By the Court, SANDERS, J.:

This action was brought by Johns-Manville, Incorporated, of California, against Lander County and its codefendants to recover for materials furnished a contractor in the construction of a public building known as the Battle Mountain high school. Upon the default of the defendants to appear and answer the complaint and upon proof of its averments, the court below rendered a joint and several judgment against the defendants for the sum of $888.85 as prayed for in the complaint. This appeal is from said judgment, upon

the judgment roll alone, without any bill of exceptions, and practically by the defendant Lander County alone.

1. The record discloses that prior to the entry of said judgment, the court below had denied a motion to set aside and vacate its order of default. The defendants appealed to this court from that order. The appeal was dismissed. See 229 P. 387. The defendant Lander County, upon its appeal from the judgment, caused to be certified as a part of the judgment roll all the papers and files used in support of the motion to set aside and vacate said default order without any bill of exceptions.

We are confronted with a motion to strike all the papers and files used in support of the motion to vacate said default, upon the ground that they form no part of the judgment roll under the statute. Section 331 of the civil practice act; section 5273; Revised Laws. The statute does not make a default order a part of the judgment roll in cases wherein the judgment is entered upon the default of the defendant to appear and answer. The motion to strike is sustained. We cannot, therefore, in the absence of any bill of exceptions, notice the point that the court below erred in refusing to vacate the default and to permit the defendant Lander County to answer.

With the elimination from the record of the papers and files stricken, there remains to be considered the single question of whether the complaint states facts sufficient to constitute a cause of action against Lander County.

The complaint alleges that the legislature at its session in 1921 adopted an act entitled "An act to authorize the board of county commissioners of the county of Lander, State of Nevada, to issue bonds to provide for the construction, equipment and furnishing of a high school building in the town of Battle Mountain, Nevada, and authorizing the county board of education of said county to construct, equip and furnish said building." Statutes 1921, p. 63.

The complaint alleges, in substance, that the defendants A. Altenburg, G. M. Southward, and H. G. Meyer were the

duly elected, qualified, and acting county commissioners for said defendant county of Lander; that subsequent to the enactment and approval of the aforesaid act, and acting in pursuance of the terms and provisions thereof, and as a board of county commissioners for said county, the defendants Altenburg, Southward, and Meyer entered into a certain contract with one Robert Paysee for the construction of a high school building for said county, at Battle Mountain, for the contract price of $62,000.

The complaint further alleges that, at the special instance and request of said Robert Paysee, the plaintiff furnished and delivered to him as the contractor for said building certain materials of the reasonable and contract price of $1,888.85, which said materials were used and entered into the construction of said building; that there was paid thereon the sum of $1,000, and the balance of $888.85 is now due, owing, and unpaid; that said Robert Paysee failed and refused to pay plaintiff the aforesaid balance, or any part thereof, although demand had been made upon him therefor.

Paragraph 5 of the complaint reads as follows:

"That for several years prior thereto, and at the time the said contract was let and entered into by said defendants A. Altenburg, G. M. Southward and H. C. Meyer, acting as a board of county commissioners for said county of Lander, and the said Robert Paysee, there was then and there in existence and unrepealed that certain act of the legislature of the State of Nevada, approved March 26, 1913, entitled 'An act requiring bonds for the protection of subcontractors, laborers and materialmen on public buildings and structures; providing for the filing of such bonds and the giving and effect of certified copies thereof; creating a penalty for failure to exact such bonds; relating to actions thereon, to procedure in such actions, and allowing an attorney's fee to the prevailing party,' which said act is now, and during all of the times mentioned in this complaint has been unrepealed and in full force and effect.

"That notwithstanding, and in direct violation of the terms of said last-mentioned act, the said defendant, county of Lander, and said defendants A. Altenburg, G. M. Southward, and H. C. Meyer, acting for and in behalf of said county of Lander, and as its board of county commissioners, did, at the time the aforesaid contract was let and entered into between them and the said Robert Paysee, and at all times thereafter, fail and neglect to exact of and from the said Robert Paysee, contractor as aforesaid, the bond provided for and required by the terms of said last aforesaid act of the legislature of the State of Nevada."

This covers the substance of the allegations of the complaint, except as to certain details unnecessary to this discussion.

The act of 1913 (Statutes of 1913, p. 407), entitled as alleged in paragraph 5 of the complaint, provides as follows:

"Section 1. That at the time of making any contract for the erection, construction, alteration or repair of any public building or structure, the contract price of which shall exceed the sum of five hundred ($500) dollars, the party letting the contract shall exact from the contractor, and the contractor shall give to such party a good and sufficient bond, * * * which bond shall be conditioned that the contractor shall well and truly pay, or cause to be paid, all just debts contracted by him for labor performed upon and materials furnished for the work provided to be done by said contract."

Section 5 of the act provides, in part, as follows:

"If the party letting such contract shall fail to exact and take the bond herein provided for, or shall knowingly accept insufficient sureties thereon, such party, and the individual officers and agents thereof, by whom such contract was authorized, shall be jointly and severally liable to all who have performed labor upon and to all who have furnished materials for the work provided to be done by such contract. * * * * "

Section 12 of the act provides:

"The word 'party,' as herein used, is hereby declared to mean and to include; * * * every county of the State of Nevada, and every board and commission thereof. * * * "

The above being the law applicable to the complaint, it will be observed that the plaintiff bases its right of action upon the failure and neglect of the defendant county and its board of county commissioners to exact of and from Robert Paysee, the contractor, the bond provided for in the act of 1913.

2, 3. The attorney for the plaintiff argues that the complaint negatives the giving of the statutory bond and it, therefore, states a cause of action. If counsel is correct in this contention, no necessity exists to consider any other question. Under counsel's construction of the law, a failure to exact the statutory bond of itself created a liability upon the defendants to pay the plaintiff's claim for materials furnished the contractor. We do not so construe the law.

It must be conceded that the plaintiff's right to recover in this action is a right solely and exclusively of legislative creation, and any person who would avail himself of such summary remedy must bring himself within both the spirit and the letter of the law. Sutherland on Statutory Construction (2d ed.), sec. 572. It is correctly said that, when a right is solely and exclusively of legislative creation, the courts will not extend the application of the statute, but will limit its application to the exact words of the act. Johnson v. Darr (Tex. Sup.), 272 S. W. 1098.

Section 5 of the act provides that if the party letting the contract fails to exact and take the bond provided for, such party shall be liable to all who have performed labor upon and to all who have furnished materials for the work provided to be done by such contract. The word "if" as used in this section implies that no liability accrues or attaches unless the party letting the contract fails altogether to exact and take the bond provided for in section 1 of the act. Section 1 makes it mandatory upon the party letting the contract to exact from the

contractor, and upon the contractor to give to such party, a good and sufficient bond conditioned as the section directs. The duty imposed by section 1 of the act is that the party letting the contract shall exact from the contractor, and the contractor shall give to such party, a good and sufficient bond conditioned as directed. The liability created by section 5 of the act is contingent on the failure of the party letting the contract to exact and take the bond provided for. The particle "and," which conjoins the words "exact" and "take," in view of the context, indicates that something in addition to the failure to exact the bond is required in order to create a liability, and that addition is that the party letting the contract shall also fail to take the bond which the contractor is required to give. Thus the liability created is made to accord with the duty imposed by the first section of the act. The averment of the failure to exact the bond does not of itself create a liability.

It is suggested that a complaint after judgment should be construed so as to support the judgment, and that in the absence of a demurrer to this complaint the averment of the failure of defendants to exact the bond should by implication be construed to mean that no bond was taken. If the statute simply imposed a duty on the party letting the contract to require a bond, it might be said that such an averment would imply that no bond was taken; but we are dealing with a statute which purports to impose new responsibilities, not recognized by common law, upon municipalities and their officers. The application of such a statute must be limited to the exact words of the act, and a complaint founded upon its violation should not depend on implication nor be helped out by intendment to bring it within the exact words of the statute. The liability of these defendants rests upon their failure to exact and take the bond provided for, and, therefore, a complaint which merely avers that the defendants failed to exact the bond without the additional averment that they failed to take the bond does not state a cause of action.

The judgment is therefore reversed.

(Pending on petition for rehearing.)