# McGUIRE v. EHRLICH

No. 2715

May 5, 1926.                                              245 P. 703.

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATRIX'S RIGHT OF ACTION IN UNLAWFUL DETAINER RESTS ON RIGHT OF ESTATE TO POSSESSION OF SUCH PROPERTY.

Sole test as to administratrix's right of action in unlawful detainer is right of estate to possession of property.

2. EXECUTORS AND ADMINISTRATORS—POSSESSORY RIGHT OF ADMINISTRATRIX TO PROPERTY OF DECEASED TERMINATES WHEN ESTATE IS SETTLED OR DELIVERED OVER BY ORDER OF DISTRICT COURT TO HEIRS OR DEVISEES.

When estate is settled or delivered over by order of district court to heirs or devisees, possessory right of administratrix to estate of deceased, and right to receive rents and profits thereof under Rev. Laws, sec. 5950, terminates.

3. EXECUTORS AND ADMINISTRATORS—TITLE TO PROPERTY OF DECEASED SOLD BY ADMINISTRATRIX VESTS IN VENDEE BY ORDER OF CONFIRMATION OF DISTRICT COURT.

Under Rev. Laws, secs. 5980, 5999, title to property of deceased sold by administratrix vests in vendee by order of confirmation of district court, and deed is nothing more than an act of officer of court pursuant to decree.

4. EXECUTORS AND ADMINISTRATORS—ADMINISTRATRIX HELD REAL PARTY IN INTEREST PRIOR TO CONFIRMATION OF SALE ENTITLED TO MAINTAIN AN ACTION FOR POSSESSION OF LEASED PROPERTY OF ESTATE AND TO RECOVER ACCRUED RENTS.

Administratrix *held* real party in interest, in view of Rev. Laws, sec. 5950, entitled to maintain an action for possession of leased property of estate, and to recover accrued rents, notwithstanding her sale thereof by court order to another, where such sale had not been confirmed by district court.

5. EXECUTORS AND ADMINISTRATORS—NOTICE, SERVED ON TENANT FOR PAYMENT OF RENT OR SURRENDER OF PREMISES BELONGING TO DECEASED, HELD NOT INVALID BECAUSE SIGNED BY ATTORNEY FOR ADMINISTRATRIX.

Notice, served on tenant calling for payment of rent or surrender of premises belonging to estate of deceased, *held* not invalid because signed by attorney of administratrix, and without showing that he was an attorney at law or in fact.

6. EXECUTORS AND ADMINISTRATORS.

In administratrix's action to recover property belonging to estate, question of ownership of property by deceased *held* one of fact.

7. APPEAL AND ERROR.

Trial court's finding of fact, based on conflicting evidence, is conclusive on appeal.

8. APPEAL AND ERROR.

Reviewing court cannot consider papers or files which do

not constitute a part of judgment roll, and have not been incorporated in a bill of exceptions.

See (1–4) 24 C. J. sec. 596, p. 133, n. 42; sec. 603, p. 135, n. 62; sec. 609, p. 139, n. 86; sec. 610, p. 139, n. 92; sec. 1532, p. 608, n. 41; sec. 1709, p. 695, n. 62; sec. 1710, p. 695, n. 69; sec. 2267, p. 910, n. 90; (5) 36 C. J. sec. 1840, p. 641, n. 15; (6) 36 C. J. sec. 1885, p. 667, n. 61 (new); (7, 8) 4 C. J. sec. 1786, p. 180, n. 34.

APPEAL from the Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action by Ethel B. McGuire, as administratrix of the estate of I. M. Hensley, deceased, against Joe Ehrlich. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals, and plaintiff appeals from so much of judgment as relates to costs. **Affirmed.**

*I. S. Thompson,* for Appellant:

Plaintiff was not real party in interest, owner, nor entitled to possession when she sold property. Order confirming sale directed administratrix to execute conveyance of whatever title deceased had in property, giving purchaser title from date of sale. 11 A. & E. Ency. 1114; Halliburton v. Sumner, 29 Ark. 460.

Purpose of action of forcible entry and unlawful detainer is purely for rent and possession, not to try rights of parties nor title. Rev. Laws, 6743; Iburg. v. Fitch, 57 Cal. 189; 13 A. & E. Ency. 743.

Notice to quit must be given immediately upon default in payment of rent. Suit must be commenced promptly after notice. 13 A. & E. Ency. 771; New v. Collins. 21 Okl. 430.

Plaintiff's name must be signed to notice, even though it is signed by representative. 26 C. J. 838.

Occupancy of house on tract does not constitute forcible entry or unlawful detainer of entire tract, particularly when there was offer to prove portions were rented to and occupied by others. Thompson v. Smith, 28 Cal. 528.

Possession is the issue, rent and damage only incidental. Caulfield v. Stevens, 28 Cal. 121.

Orr Ditch and Frezeau cases are cited by respondent. The Orr Ditch case was on contract; the Frezeau case upon promissory note. Neither was upon forcible entry and unlawful detainer and does not apply.

Counsel's stipulation did not make judgment roll plaintiff's bill of exceptions, and appellant's bill does not help respondent. In Ehrlich's bill she has no notice of appeal, no assignment of errors, and no record on which to base hearing here. Statute regulates what shall constitute judgment roll. Any additional papers are surplusage. Rev. Laws, 5273.

*Ryland G. Taylor,* for Respondent:

It matters not whether plaintiff is real party in interest or not because it does not appear that defendant had any interest in property. Only those interested can make objection. Estate of Arguello, 50 Cal. 308. Nor can sale be collaterally attacked. Estate of Devincenzi, 51 P. 845. Sales must be reported to court and confirmed before title passes. 1 Ross Probate Law and Practice, 589.

Lang could not have been made party until sale was confirmed. In any event it was appellant's duty to move that Lang be made party. No such motion was made. It is too late to make that claim for first time here. He who is silent when he ought to have spoken shall not be heard when he ought to be silent. 96 U. S. 720.

It was not error to refuse defendant's testimony as to Alred's taking possession. Their differences were collateral. There is no complaint that plaintiff did not permit defendant peaceable enjoyment.

Penal features of unlawful detainer statute have been nullified by Hoopes v. Myer, 1 Nev. 433. Mere fact that prayer of complaint demands treble damages could not damage defendant if they were waived and denied by court. Court did not impose penalty or damages but allowed agreed rental. No damage was done defendant by alleging statutory notice in unlawful detainer and demand for treble damages. Statute provides what

complaint shall contain. Complaint showing good cause is not bad because of unnecessary averments contained therein. Orr Water Ditch Co. v. Reno Water Ditch Co., 19 Nev. 60.

It does not matter what complaint demands, providing court does not exceed prayer and judgment is supported by evidence.

Delay in bringing suit would not waive rent due. Defendant cannot claim that because he did not pay rent when demanded, he should not pay it at all.

Attachment may issue in action upon contract for direct payment of money not secured by mortgage, etc. Rev. Laws, 5147. What is agreement to pay rent if not such contract?

Where plaintiff recovers three hundred dollars or more, costs are allowed of course. Rev. Laws, 5377.

If appellant has bill of exceptions, respondent has one also for reason that bill of appellant has been adopted by parties as bill of respondent. This case differs from Shirk v. Palmer, 48 Nev. 451. In this case there is bill of exceptions properly before court. Matters complained of are before court in judgment roll.

## OPINION

By the Court, SANDERS, J.:

The plaintiff below, respondent, as administratrix of the estate of I. M. Hensley, deceased, leased the real property of said estate, consisting of 160 acres of land, together with a frame store building, dwelling, and improvements thereon, situate in Nye County, Nevada, to the defendant below, appellant, at a monthly rental of $25, payable in advance. The defendant entered into the possession of the premises. Subsequently the plaintiff, as administratrix of said estate, applied to the court for an order to sell the rented premises for the benefit of the estate. The order of sale was obtained, and the property was advertised for sale, and sold by the administratrix on the 17th day of November, 1923, to H. B. Lang for the price of $250. On the 4th day of January,

1924, the plaintiff, as administratrix, caused a demand in writing to be made upon the defendant for the payment of rent or for the surrender of the premises within three days after the service upon him of said demand. The defendant neglected and refused for the space of three days after said demand to pay the rent or surrender the premises. Thereafter, on, to wit, the 8th day of August, 1924, the plaintiff as administratrix brought this action in unlawful detainer for the restitution of the premises and demanded judgment for $275 as rent, and for such additional sum as might become due during the pendency of the action. Subsequent to the commencement of the action, to wit, on the 1st day of October, 1924, the court made an order in the matter of said estate confirming the sale of the property in November, 1923, to H. B. Lang.

The case was tried without a jury. The court, after a full hearing upon the pleadings and evidence, found in favor of the plaintiff, and rendered judgment against the defendant for the sum of $325, and adjudged and ordered that each side pay its own costs.

The defendant has appealed from said judgment, and also from an order denying the defendant's motion for new trial. The plaintiff has appealed from so much of said judgment as relates to costs.

We shall consider first the defendant's appeals.

1-4. Appellant contends that the court below erred in refusing to grant his motion to quash the proceedings on the ground that the proof showed that plaintiff as administratrix was not at the time of the commencement of her action the real party in interest, and was, therefore, not entitled to maintain this action. In support of this position it is insisted that through the administratrix's sale of the property by court order to H. B. Lang he became, and was, the real party in interest, and the only person entitled to the possession of the property and to the rents and profits thereof. This contention involves the construction of certain sections of the statute relative to the settlement of estates of deceased persons. The sole test to the administratrix's right of

action is right of the estate to the possession of the property. The executor or administrator has a right to the possession of all the real, as well as personal, estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be settled, or until delivered over by order of the district court to the heirs or devisees. Section 5950, Rev. Laws. When either of these events happen, the possessory right of the administrator under the statute terminates. Meeks v. Hahn, 20 Cal. 620; Touchard v. Keyes, 21 Cal. 208. But it is contended that section 5950, Rev. Laws, has no application, where the property is sold for the benefit of the estate by court order upon the petition of the administratrix. Under our statute (section 5980, Rev. Laws) no sale of any property of an estate of a deceased person shall be valid, unless made under an order of the district court. And section 5999, Rev. Laws, provides that, if upon the hearing for confirmation it shall appear to the court that the sale was legally made and fairly conducted, the court shall confirm the sale and direct proper conveyances to be made and executed, "and such sale from that time shall be confirmed and valid." The meaning of these provisions, it is said, clearly is that the title vests in the vendee by the order of confirmation, and the deed is nothing more than the act of an officer of the court pursuant to the decree. 11 Cal. Jur. sec. 588, p. 948. Passage of title takes place upon the confirmation of the sale, and there is nothing in the statute authorizing the construction that before the confirmation of the sale the executor or administrator is not the proper person or real party in interest to maintain an action for the possession of the leased property of the estate and recover the accrued rents.

5. It is argued on behalf of appellant that no legal notice was served upon him before the commencement of this action to surrender the premises or pay rent. The notice or demand served upon the defendant was signed by the attorney for the administratrix. We are of opinion that such notice may be signed by an agent or attorney, and a notice signed by an attorney need not

show whether he is an attorney at law or in fact. Arnold v. Krigbaum, 146 P. 423, 169 Cal. 143, Ann. Cas. 1916D, 370.

6, 7. It is contended that the proof shows that the relation of landlord and tenant did not exist between the parties, for the reason that the property claimed by the defendant was not owned by the deceased at the time of his death, but, on the contrary, was the property of a third person from whom it had been purchased by the defendant during the lifetime of the deceased, and with his knowledge. The question of ownership was one of fact, and, there being a substantial conflict in the evidence bearing upon this question, we cannot under the rule disturb the court's finding to the effect that at the time of the decedent's death he was the owner of all the property described in the plaintiff's complaint.

We shall now dispose of the respondent's appeal from the judgment with respect to costs.

8. The appellant, defendant below, moved to strike from the judgment roll those certain papers or files designated as "Memorandum of Costs," "Notice of Motion," and the order signed "Frank T. Dunn, District Judge." The papers or files so designated do not constitute a part of the judgment roll, and, not having been incorporated in a bill of exceptions, we cannot consider them in connection with the plaintiff's appeal. We therefore sustain appellant's motion to strike.

The judgment is affirmed.