## JOUDAS v. SQUIRE

### No. 2750

October 21, 1926.                                        249 P. 1068.

#### ON MOTION TO STRIKE AND DISMISS

1. APPEAL AND ERROR—TRANSCRIPT.
    Where certificate of clerk of trial court, filed with notice of
    motion to strike, showed that transcript of proceeding was
    never filed in his office, transcript never became part of record
    of trial court.

2. APPEAL AND ERROR—TRANSCRIPT.
    Stats. 1923, c. 97, sec. 1, providing for correction of defects
    in appellate proceedings, does not authorize supreme court to
    order lower court to permit transcript to be filed as a bill of
    exceptions after time for filing has expired and record on
    appeal has been filed in supreme court.

3. APPEAL AND ERROR—JUDGMENT ROLL.
    Papers, including notice of calling up demurrer and request
    for statement of points and authorities, stipulation withdraw-
    ing demurrer and extending time to answer, affidavit for
    attachment, undertaking in attachment, writ of attachment,
    notice of motion to discharge attachment, order vacating
    attachment, order of inspection, excerpts from court's minutes,
    cost bill, and stipulation for cash bond in stay of execution,
    not designated in Rev. Laws, sec. 5273, and not incorporated in
    bill of exceptions, are not part of judgment roll, and should be
    stricken from transcript of record on appeal.

4. APPEAL AND ERROR—DEMURRER.
    Demurrer to complaint withdrawn by stipulation is not a
    part of record on appeal.

5. APPEAL AND ERROR—SUPREME COURT RULE 2.
    Thirty days prescribed by supreme court rule 2 for filing of
    transcript on appeal does not begin to run until statement or
    bill of exceptions is settled.

6. APPEAL AND ERROR—SUPREME COURT RULE 2.
    Statutes having substituted bill of exceptions for statement
    on appeal, the word "statement" in supreme court rule 2,
    requiring filing of transcript within 30 days after settling of
    statement, means a bill of exceptions.

7. APPEAL AND ERROR—SUPREME COURT RULE 3.
    Party moving to dismiss appeal has burden of showing
    that transcript of record on appeal was not filed within 30
    days after settlement of bill of exceptions as required by
    supreme court rule 2, and, in absence of showing, appeal will
    not be dismissed under rule 3.

#### C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 1715, p. 110, n. 15 (new) ; sec. 1808,
p. 209, n. 20 ; p. 210, n. 29 (new) ; sec. 2196, p. 465, n. 42 ; sec. 2267, p.
505, n. 84 ; p. 506, n. 85 ; sec. 2425, p. 602, n. 32.

APPEAL from Ninth Judicial District Court, White Pine County; *W. R. Reynolds,* Judge.

Action by George Joudas and others against William F. Squire. Judgment for plaintiffs, and defendant appeals. On motion to strike parts of transcript and to dismiss appeal. **Motion to strike granted; motion to dismiss denied.**

*G. E. Baker* and *J. M. Lockhart,* for Appellant:

*Chandler & Quayle,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This case came before us on motion of the respondent to strike several parts of the transcript of record on appeal and to dismiss the appeal. The motion to strike is first directed to pages 1 to 35, inclusive, of the record entitled "Transcript of Proceedings," and containing what purports to be the evidence, testimony, and proceedings taken and had at the trial of the case, including the certificate of the official court reporter who took down the shorthand and transcribed the same. The following grounds are assigned by respondent in support of the motion, to wit: First. That the said transcript of proceedings was never filed in the office of the clerk of the court below. Second. That the certificate thereto by the official reporter is insufficient. Third. That a bill of exceptions containing matter other than that embodied in said transcript of proceedings, duly stipulated by counsel and filed in the lower court, appears in the record and constitutes the only bill of exceptions in this case.

1, 2. Appellant contends that the latter is an additional bill of exceptions, and that, if the certificate of the clerk to the transcript is insufficient, it may be amended under the rule of liberality prescribed in the statute of 1923 concerning bills of exceptions. But it appears from the certificate of the clerk of the lower

court, which was filed with the notice of motion to strike, and noticed therein, that the transcript of proceedings was never filed in his office. Therefore it never became a part of the record in the court below. The statute of 1923, c. 97, permits a party to file a transcript of the proceedings properly certified in lieu of a bill of exceptions. In this respect section 1 of the act of 1923 reads:

"A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

Unless so filed in conformity with this provision the transcript does not become a part of the record in the court below, and no opportunity is given the adverse party to have it corrected as contemplated by the statute so as to verify the proceedings.

Broad and liberal as are the provisions of the statute of 1923 for the correction of defects and informalities in the appellate proceedings, they are not so comprehensive as to authorize this court to order the lower court to permit a transcript of the proceedings to be filed as a bill of exceptions after the time for such filing has expired and the record on appeal has been filed in this court. Such procedure would lead to confusion and subvert the purpose of the statute. The reporter's transcript of the proceedings is therefore ordered stricken from the record on appeal.

3. The motion to strike is also directed to a copy of the demurrer and a number of other papers appearing in the record on appeal on the ground that they are not incorporated in a bill of exceptions and are not properly a part of the judgment roll. The motion must be granted as to all the papers mentioned in the notice of motion to strike. Section 5273 enumerates the papers which, when attached together and filed by the clerk, constitute the judgment roll, and the papers mentioned in said notice

exclusive of the demurrer are not designated in the section, nor are they incorporated in a bill of exceptions.

4. The demurrer to the complaint was withdrawn by stipulation, and consequently is not properly a part of the record on appeal in this case. The following papers are therefore ordered stricken, to wit: Demurrer, notice of calling up demurrer, and request for statement of points and authorities, stipulation withdrawing demurrer to complaint and extending time to answer, affidavit for attachment, undertaking in attachment, writ of attachment, notice of motion to discharge attachment, order vacating attachment, order of inspection, excerpts from court minutes as set forth in transcript of appeal, cost bill, and stipulation for cash bond in stay of execution in lieu of execution bond.

5, 6. The motion to dismiss the appeal is on the ground of noncompliance with rule 2 of the rules of the supreme court, which requires the transcript of the record on appeal to be filed within 30 days after the appeal has been perfected, and the bill of exceptions settled, if there be one. By rule 3, an appeal may be dismissed for noncompliance with rule 2. The notice of appeal was filed on June 19, 1926, and the transcript of the record filed more than 30 days thereafter, to wit, on July 22, 1926. Due to what appears to be an error in the record as to the date of service of the notice of appeal, we are unable to tell with certainty when the appeal was perfected. However, the time prescribed by the rule does not begin to run until the bill of exceptions is settled, if there be one.

7. In the record before us is a bill of exceptions settled by stipulation of the parties, but we are unable to determine therefrom when it was settled. We think the burden was on the movant to show that the transcript of the record on appeal was not filed within 30 days after the settlement of the bill of exceptions.

In the absence of such a showing, and the fact not otherwise appearing, the motion to dismiss the appeal should be denied.

It is so ordered.