## COMSTOCK PHOENIX MINING COMPANY
### v. LAZZERI Et Al.

No. 3068

October 3, 1934.                    36 P. (2d) 360.

*G. A. Ballard,* for Appellant:

*W. Howard Gray,* for Respondents:

## OPINION

By the Court, SANDERS, C. J.:

This is an action to annul a tax deed. Judgment was rendered in favor of the defendant. Plaintiff appealed from the judgment and the order denying its motion for a new trial.

In this court defendant moved to strike the transcript of the testimony, filed in lieu of a bill of exceptions, for the reason it was filed too late, and certain papers attached to the judgment roll and certified to as correct copies by the clerk of the court.

Counsel for plaintiff did not resist the motion to strike the transcript of the testimony, but did resist the motion to strike certain papers attached to the judgment roll and certified to by the clerk.

1, 2. Tendered bills of exceptions not filed within the time allowed by statute (section 9398, N. C. L.) will be stricken on motion, Johnson v. Johnson, 54 Nev. 433, 22 P. (2d) 128; and the other documents not embraced in the judgment roll must also be stricken, Brockman v. Ullom, 52 Nev. 263, 285 P. 485. The motion to strike must be granted. This leaves nothing for our consideration but the judgment roll.

3. Appellant contends that the deed in question, which is pleaded by plaintiff, fails to show a compliance with the statutory requirement relative to tax sales, and is therefore void.

We cannot agree with this contention. Section 6449, N. C. L., expressly provides that a tax deed which recites substantially the matters contained in the treasurer's certificate of sale shall be prima facie evidence that the property was assessed as required by

law; that the taxes were levied in accordance with law; that at a proper time and place the property was sold as prescribed by law and by the proper officer; that the property was not redeemed; that the person who executed the deed was the proper officer; that when real estate is sold to pay taxes on personal property, the real estate belonged to the person liable to pay the tax. The deed, by its terms, is limited to "the following described land," though it enumerates some property which may, or may not, be fixtures, as to which we cannot determine in this proceeding.

The deed being prima facie evidence of a compliance with the statutory requirements, and there being no evidence before us, we must necessarily affirm the judgment.

It is so ordered.

ON PETITION FOR REHEARING

November 21, 1934.

*Per Curiam:*

Rehearing denied.