EDWARD E. CRAIG, DEFENDENT–APPELLANT, *v.* WILLIAM HARRAH, PLAINTIFF–RESPONDENT.

No. 3541

June 25, 1948.                                    195 P.2d 688.

*Edward E. Craig,* of Berkeley, California, in pro. per., for Appellant.

*Harlan L. Heward,* of Reno, for Respondent.

## OPINION

By the Court, HORSEY, J.:

The parties will be designated in this opinion as plaintiff and defendant, as they were in the lower court.

The defendant has made application to this court to extend his time within which to file bill of exceptions, and has stated as grounds or reasons for such requested extension "that said bill of exceptions has already been filed, but that opposing counsel has refused to stipulate for extension of time within which to file said bill of exceptions, or that said bill of exceptions may be filed." The defendant has not stated when he made such request of counsel, nor whether same was made prior to or after his time had expired, nor has he stated whether, upon making such request of opposing counsel, he stated to him any good cause or reason for such extension, and, if so, what such stated cause or reason was. If such request was made before his time expired, and he stated good cause or reason for the requested extension, the usual courtesy extended by members of the Bar to opposing counsel would, ordinarily, suggest compliance, but

the law does not require it. In other words, the opposing counsel so requested, unless the circumstances were exceptional, should, and doubtless would, have granted the request, if timely made, but would not legally be required to do so.

■ If such request were made of opposing counsel after defendant's time had expired, the granting of such request would have been futile, because, as will hereafter be shown, the statutory time fixed for the filing of bills of exceptions is mandatory and jurisdictional, and neither counsel by stipulation nor the court upon an ex parte application would have the power to extend the time after same had expired.

■ The facts as disclosed by the record are that the judgment from which defendant has taken his appeal to this court was rendered and filed in the Second judicial district court of the State of Nevada, in and for the County of Washoe, on January 16, 1948. There was no motion for a new trial made by the defendant. In the absence of such motion, defendant's time, as fixed by N.C.L.Supp.1931–1941, sec. 9385.81 same being sec. 31 of the New Trials and Appeals Act of 1937, Stats. of Nevada 1937, ch. 32, p. 63, within which to serve and file his bill of exceptions was, as stated in said section, "at any time after the filing of the complaint and not later than twenty (20) days after final judgment * * *." The defendant's time of "twenty (20) days after final judgment" commenced to run, therefore, upon the expiration of January 16, 1948, the date of the rendition and filing of the final judgment, and ended upon the expiration of February 5, 1948. Defendant's time was not extended by stipulation of the parties, nor by the district court or judge, nor by any justice of the supreme court, referee, or judicial official, as provided for by sec. 9385.87, N.C.L.Supp.1931–1941, same being sec. 37 of said New Trials and Appeals Act of 1937. Said section provides for such an extension, however, only upon good cause shown.

The defendant filed his bill of exceptions on March 4, 1948, in the office of the clerk of said Second judicial district court, in and for the county of Washoe, which was forty-seven days after judgment, and twenty-seven days after his time to file same had expired.

The defendant has stated, also, in his "affidavit in support of motion for extension of time to file bill of exceptions," the following:

"Affiant further states that he made application to the Honorable Judge McKnight, Judge of the District Court of the County of Washoe, State of Nevada, in the above entitled matter, the judge who tried the case, for extension of time within which to file said bill of exceptions, and that said Hon. Judge McKnight refused to sign the same, or refused to extend the time aforementioned on the ground that he believed he was without power to do so."

In referring to such application to Judge McKnight, the defendant, in his "memorandum supporting the application for extension of time within which to file bill of exceptions * * *," has stated the following:

"These matters were pointed out to the Hon. Judge McKnight in a letter dated March 17, 1948, and a request was made to have the time for filing the bill of exceptions extended. On March 22, 1948, in answer to this request Judge McKnight replied that he was without power to grant such extension. Appellant has since filed an application for a similar order in the Supreme Court of Nevada."

■ It is clearly apparent from the above statement by defendant, taken in connection with the record on appeal in the instant case, that his said application to Judge McKnight, by letter dated March 17, 1948, was at least twelve days subsequent to his belated filing of bill of exceptions, on March 4, 1948, and at least forty days after the statutory time within which to serve and file same had expired. Judge McKnight had, upon the expiration of defendant's statutory time within

which to serve and file bill of exceptions, lost jurisdiction to extend the time, and very properly decided that he was without "power" to grant defendant's request, and so stated to defendant, in his said letter of March 22d.

The mandatory and jurisdictional character, as repeatedly held by this court, of the statutory time within which bills of exceptions must be served and filed will be more fully treated further on in this opinion, in considering defendant's pending application to this court for such an extension.

The defendant's bill of exceptions was in two parts or sections, the first part or section being denominated "defendant's engrossed bill of exceptions," and the second part or section consisting of the court reporter's transcript of proceedings, same embracing the proceedings had upon the trial. There was no settlement or allowance of such bill of exceptions at any time, either upon the stipulation of the parties or by the district court or judge, as required by said section 31 of the New Trials and Appeals Act of 1937, N.C.L.Supp.1931–1941, sec. 9385.81; consequently, the bill of exceptions is not authenticated by any "certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed," as required by said last-mentioned section of the statute. Subdivision (1) of the second paragraph of said section 31 relieves of the requirement of such settlement and allowance as to the court reporter's transcript of the proceedings, and provides, in effect, that the court reporter's certificate thereto may take the place of formal settlement by the court or judge, and of the certificate provided for in the first paragraph of said section. There appears, however, no provision of that statute, or any other statute or law, which would relieve defendant, as to the first part or section of his bill of exceptions, of the requirement of settlement and

certification as provided by the above-quoted provision of the first paragraph of said section 31.

■ Such first part or section of defendant's bill of exceptions, as before stated, is entitled "defendant's engrossed bill of exceptions," and consists of a statement or narrative of certain portions of the evidence, and certain inferences drawn and conclusions made therefrom by the defendant, and has appended thereto merely the certificate of Edward E. Craig, defendant, in propria persona. This falls far short of compliance with the essential requirements of said section 31.

■■ The defendant, by his above-mentioned motion, filed June 10, 1948, for an extension of time within which to file bill of exceptions, and addressed to this court, seeks relief from us at a time more than four months after the expiration, on February 5, 1948, of his statutory time of twenty days allowed for that purpose. To be of any avail to defendant, such relief would necessarily have to relate back to a time prior to the expiration of his statutory time, on February 5th. This court, obviously, has no jurisdiction to grant such extension to operate retroactively. The statutory provision fixing the time within which bills of exceptions may be filed has been repeatedly held to be mandatory and jurisdictional. In the absence of any extension of time, either by stipulation of the parties or by the court in which the action was tried, or a judge, referee or judicial official thereof, or a justice of the supreme court, before the time for filing had expired, any court or judicial officer who, before such expiration of the statutory time, would have had jurisdiction to entertain such a motion, and, upon good cause shown, to grant such extension while there was yet time remaining upon which same could operate, necessarily, because of the mandatory provision of the said statute fixing the time (said section 31 of the New Trials and Appeals Act of 1937), would have lost jurisdiction and would have no power to extend such time

after the statutory time has expired. The statute providing for enlargement or extension of time within which to file a bill of exceptions, same being section 37 of the New Trials and Appeals Act of 1937 (N.C.L.Supp. 1931–1941, sec. 9385.87), does not provide for the *creation of a new period of time,* in reference to bills of exceptions, but merely *the enlargement or extension of existing time.* Obviously, time once, but no longer, existing cannot be the basis of extension or enlargement. An enlightening treatment and application of the law on this subject occurs in the case of Baker v. Baker, in the opinion, by Mr. Chief Justice TABER, on rehearing, 59 Nev. 177, 96 P.2d 200.

That case was a contested divorce action, in which this court made certain money allowances to the guardian of an insane wife to pay certain of her expenses on appeal to this court, including the cost of transcribing the court reporter's shorthand notes of the trial in the lower court, and the cost of preparing a typewritten transcript of the proceedings in that court. In connection therewith this court, not then knowing that the statutory time for serving and filing a bill of exceptions in the lower court had expired four days' before, on March 4, 1939, filed its decision, which included the following order directing the district court in the premises:

"Reasonable time after compliance with said order for allowances will be allowed appellant by the district court for preparing, filing and serving proposed bill of exceptions, and for taking such other steps as may be required to complete the bringing of her appeal to this court."

The opinion on rehearing in that case, reported, as aforesaid, in 59 Nev. pages 177–179, 96 P.2d 200, 201, by Mr. Chief Justice TABER, clearly exemplifies the mandatory and jurisdictional character of the time requirement in regard to filing and serving bills of exceptions. It discloses that Chief Justice TABER clearly realized the

nullity of the order to the lower court to extend the time for filing and serving a bill of exceptions, made, unwittingly, after the time had expired. This court, under such circumstances, felt impelled to set aside its order previously made, which was thus, upon rehearing, shown to have been made four days too late, and to have been in excess of this court's jurisdiction, and, therefore, void.

That case is directly in point to the situation with which we are confronted in the instant case, in considering defendant's motion requesting this court to extend his time within which to serve and file bill of exceptions, four months after the time has expired, and in effect, to operate retroactively. If this court had possessed such power, it would not have felt impelled to set aside its own order in Baker v. Baker, supra, notwithstanding the court was convinced that Mrs. Baker was entitled to the allowances made, and even suggested that she might renew her application for further allowances on appeal, if the district court relieved her of her default, in a proper proceeding brought upon notice, under the statute providing relief from default upon the ground of mistake, inadvertence or excusable neglect. The opinion on rehearing is not unduly lengthy, and we will now incorporate same in full herein. Such opinion is as follows:

"In our decision denying respondent's motion to dismiss appeal and granting, in part, appellant's motion for allowances, 59 Nev. 163, 87 P.2d 800, 805, we included the following sentence: 'Reasonable time after compliance with said order for allowances will be allowed appellant by the district court for preparing, filing and serving proposed bill of exceptions, and for taking such other steps as may be required to complete the bringing of her appeal to this court.' Respondent filed a petition for rehearing, which was granted. On the rehearing it was shown that appellant's time for filing and serving bill of exceptions had been extended several times by the

district court; but had expired, without stipulation for further time, on February 28th, 1939, four days before said decision of this court was filed. It further appears that, after the petition for rehearing was filed but before it was granted, appellant, in the district court, noticed a motion for an order relieving her from her default in failing to secure an extension of time within which to file a bill of exceptions, the motion being based upon the ground that such failure was the result of mistake, inadvertence and excusable neglect.

"It is a jurisdictional requirement that bills of exceptions be filed and served within the time prescribed by statute, or within such further time as may be given by order of court or stipulation. Johnson v. Johnson, 54 Nev. 433, 22 P.2d 128; Comstock Phoenix Min. Co. v. Lazzeri, 55 Nev. 421, 36 P.2d 360. At the time the order of this court was made directing the district court to allow a reasonable time after compliance with the order for allowances within which to file and serve proposed bill of exceptions, it was not known to this court that appellant's time for taking such steps had expired. When respondent's motion to dismiss the appeal and appellant's motion for allowances were heard and submitted, appellant's time for filing and serving bill of exceptions had not expired. Respondent could not forsee that it would be allowed to expire, and that this court would make the order complained of. He was, therefore, not in a position to attack the order until and except by petition for rehearing.

"The order of this court made on March 4th, 1939, directing the district court to allow a reasonable time after compliance with the order for allowances within which to prepare, file and serve proposed bill of exceptions, is hereby set aside. The order for allowances made on the same day is hereby modified by disallowing the $30 item toward the cost of transcribing the court reporter's shorthand notes of the trial in the lower court, and disallowing further the item of $65 toward the cost

of preparing typewritten transcript of the proceedings in the lower court for filing in this court. The allowance of $100 for attorney's fee will remain undisturbed.

"If the district court shall decide, or has decided, to relieve appellant from her default in failing to secure an extension of time beyond February 28th, 1939, within which to file and serve her bill of exceptions, or if other legal and proper cause be made to appear, she may renew her application to this court for further allowances on appeal."

For the reasons above stated and plainly appearing from the reasoning of this court in Baker v. Baker, supra, we are clearly of the opinion that this court is without jurisdiction to extend, at this time, defendant's time within which to serve and file bill of exceptions, and his motion for such extension of time must be, and is hereby, denied.

## ON PLAINTIFF–RESPONDENT'S MOTION TO STRIKE.

In this opinion, also, the parties will be designated as plaintiff and defendant, as they were in the lower court.

The plaintiff has moved to strike from the record on appeal the "minutes of the court," and "opinion and decision," and "defendant's bill of exceptions." Said motion, as stated in the notice of motion that same would be, is made and based upon the grounds "that said documents are irrelevant and immaterial upon the appellant's appeal; that they and each of them are not properly part of the record on appeal in this action; that no motion for a new trial was at any time made, presented, or decided in the District Court; that the alleged bill of exceptions was filed on March 4, 1948, long after the time for filing of the same had expired; that no order extending the time for the filing of the bill of exceptions was ever made by the District Court nor was time therefor extended by any stipulation."

We shall first dispose of the motion in its relation to the bill of exceptions.

Plaintiff, relying upon Neill v. Mikulich, 57 Nev. 307, 64 P.2d 612, and Snyder v. Garrett, 61 Nev. 85, 115 P.2d 769, has contended, in effect, that upon the authority of those cases the filing and making of a motion for a new trial is indispensable to any review of the evidence on an appeal; that no motion for a new trial was made; that, therefore, the documents to which the motion to strike is addressed (including defendant's bill of exceptions) "are what might be termed 'fugitive documents.'" The first question presented by the assignment of error in Snyder v. Garrett, supra, as stated by Mr. Justice DUCKER in his opinion, on page 87 of 61 Nevada Reports, page 769 of 115 P.2d, was "whether the findings are supported by the evidence." This question is identical with the question arising in the instant case upon defendant's assignment of error, which, as stated in his bill of exceptions, is: "the defendant here specifies that the findings were not supported by the evidence in that * * *," and, as stated in his opening brief on page 2, is: "that the findings of fact were not supported by the evidence in that the evidence clearly shows that the checks were given for a gambling transaction."

The gist of defendant's contention by such assignment apparently is that, as he contends, the evidence disclosed that the checks evidencing the obligation sued upon were given for a gambling consideration, or in connection with or in a gambling transaction, and that, therefore, same was insufficient to justify the findings of fact finding the existence of *indebtedness,* or in effect, *a bona fide obligation* in the amount of the checks.

In other words, in the instant case, as in Snyder v. Garrett, supra, the question presented and to be determined upon the assignment of error is whether the evidence was sufficient or insufficient to support the findings.

In Snyder v. Garrett, Mr. Justice DUCKER, in the opinion above referred to, on page 91 of 61 Nevada Reports, page 771 of 115 P.2d, after reviewing and citing the

earlier Nevada cases and the contemporaneous California cases, quoted approvingly from Whitmore v. Shiverick, 3 Nev. 288, the following:

"Our Practice Act was copied almost verbatim from the California Practice Act as it stood at the time ours was enacted. Under the California code of practice, the Supreme Court of that State had almost uniformly refused to review the facts of a case unless there had been a regular statement and motion for new trial."

Further on in the opinion in Snyder v. Garrett, supra, on said page 91 of 61 Nev., page 771 of 115 P.2d, Mr. Justice DUCKER stated:

"The reason of the long established rule for requiring that a motion for a new trial be made, and passed upon, before a consideration of the evidence can be had, is, as stated in Giannotti v. DeBock, 47 Nev. 332, 221 P. 520, that the trial court may first have an opportunity to rectify an error, if one was made, without subjecting the parties to the expense and annoyance of an appeal."

And still further on, on pages 91 and 92 of 61 Nev. and on page 771 of 115 P.2d, the learned Justice, in finally disposing of the appeal in that case, stated:

"We agree with the statement in the brief of amici curiae 'that it may readily be argued that the legislature has definitely accepted by re-enacting sections 12 and 34, the interpretation previously placed thereon by this court and clearly intended that there should be no appeal with review of the evidence unless a motion for a new trial has been made in the trial court.'

"We think such argument is most logical and must prevail, as we consider the opinion in Neill v. Mikulich, supra, of controlling influence."

The defendant, however, has cited the recent case of Monitor Pipe & Steel Co. et al. v. Flanigan Warehouse Co. et al., 63 Nev. 449, 172 P.2d 846, and we infer that he has done so to indicate, perhaps, that upon his assignment of error to the effect that the findings of fact were not supported by the evidence, he could properly contend

that the findings of fact were *wholly* unsupported by the evidence, and that, therefore, his situation could well be considered parallel to that in Monitor Pipe & Steel Co. v. Flanigan Warehouse Co., supra, and that the doctrine of that case, based upon the exceptional factual situation therein, could be applied in the instant case.

In that case the appellant maintained, as stated in this court's opinion, by Mr. Chief Justice TABER, on page 451 of 63 Nevada Reports, and on page 847 of 172 P.2d: "that on appeal from the judgment alone this court may examine the evidence to determine the legal question whether there is a total failure of proof to support the judgment. * * * Appellant says he has taken this appeal 'essentially on the basis that he is questioning the sufficiency of the judgment in the light of the pleadings in the case and in the light of the issues made by those pleadings.' It is his contention that the findings of fact and conclusions of law do not conform to the pleadings and do not settle the issues made by them; nor, he says, do they settle the most important question of law involved in the case, as pointed out in his opening brief."

At that point in the opinion, Mr. Chief Justice TABER stated further:

"Bills of exceptions are sometimes properly stricken on motion as, for example, in Lewis et al. v. Williams, 61 Nev. 253, 123 P.2d 730, 125 P.2d 305. But whether the bill in the instant case is superfluous and of no value, as movent contends, and whether anything in it is useful on this appeal, are questions which we think should be determined on the appeal proper."

It appears that defendant has not shown or attempted to show or contend that in the instant case, as in Monitor Pipe & Steel Co. v. Flanigan Warehouse Co., supra, "there is a total failure of proof to support the judgment," or, "that the findings of fact and conclusions of law do not conform to the pleadings," or, that they do

not "settle the most important question of law involved in the case." Indeed, defendant failed to appear for the argument in this court upon the motion to strike, and has assigned no reason why he was unable to be present. He has contended himself with mailing to the clerk of this court his motion for an extension of time in which to file bill of exceptions, and his affidavit in support thereof, which, as before stated, is based upon the refusal of opposing counsel to stipulate for such extension, and on Judge McKnight's declination to grant same upon the ground that he had no power to do so.

■ As hereinbefore stated, defendant has cited Monitor Pipe & Steel Co. v. Flanigan Warehouse Co., supra, but it clearly appears that he has failed to show the existence of any of the extraordinary elements of fact or law, similar to those in that case, which would bring him within the rule or doctrine therein enunciated. In the present state of the record we would be justified in holding, pursuant to this court's opinion and decisions in Neill v. Mikulich, supra, and Snyder v. Garrett, supra, respectively, that in order for us to review the evidence incorporated in the bill of exceptions, a motion for a new trial and an order of the lower court denying same were indispensable, and, such motion not having been made, such bill of exceptions, which contains nothing but evidential matters, should be stricken for that reason. But it is not necessary to so hold in the instant case, or to pass, now, finally upon that question, for the reason that, under the clear mandate of our statute, section 36 of the Nevada New Trials and Appeals Act of 1937, same being sec. 9385.86, N.C.L.Supp.1931–1941, we are required to hold, in view of the long-settled law of this state, as repeatedly held by this court, that defendant has waived his right to his bill of exceptions, or to have same considered by this court, because not served or filed within the time specified by sec. 31 of said New Trials and Appeals Act of 1937, same being N.C.L.Supp.1931–1941, sec. 9385.81.

In the accompanying opinion in relation to defendant's motion to extend time for filing bill of exceptions, we have dealt at considerable length with the question of the mandatory and jurisdictional character of the element of the statutory time of serving and filing, in relation to bills of exceptions, and have cited authorities.

In McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 539, Mr. Justice ORR, in dealing with a motion to strike, on pages 31 and 32 of 61 Nev. and on page 539 of 111 P.2d, stated the law and cited former decisions of this court, as follows:

"The transcript of proceedings intended as a bill of exceptions was served upon respondent on November 26, 1940, more than twenty days after the entry of judgment and more than twenty days after the notice of decision on motion for new trial. Appellants failed to comply with the requirements of section 31 of the New Trials and Appeals Act, Statutes of Nevada 1937, c. 32, p. 63. Section 36 of said Act provides: 'If a party shall omit or fail to serve and file his bill of exceptions within the time limited he shall be deemed to have waived his right thereto.' In a number of decisions this Court has held this requirement to be mandatory, and that unless a bill of exceptions is served and filed within twenty days, providing the time has not been extended by stipulation or order of the Court, the bill of exceptions will be stricken upon proper motion. Markwell v. Gray, 50 Nev. 427, 265 P. 705; Joudas v. Squire, 50 Nev. 42, 249 P. 1068; Water Co. v. Tonopah Belmont Development Co., 49 Nev. 172, 241 P. 1079; McGuire v. Ehrlich, 49 Nev. 319, 245 P. 703; Bowers v. Charleston Hill Nat. Mines, Inc., 50 Nev. 99, 251 P. 721, 256 P. 1058."

In the matter of the bill of exceptions now before us, in the accompanying opinion dealing with defendant's said motion for extension of time we have pointed out that the judgment in the instant case was rendered and filed in the lower court on the 16th day of January,

1948, and, there having been no motion for a new trial, the time within which to serve and file a bill of exceptions expired upon the expiration of February 5, 1948. The bill of exceptions was not filed until the 4th day of March, 1948, which was forty-seven days after judgment and twenty-seven days after the time to serve and file same had expired. The bill of exceptions cannot be considered by us, and, therefore, is redundant and merely surplusage, and must be stricken. Plaintiff did not raise the question of the failure to settle the bill of exceptions and to have it properly certified or authenticated, so that question is not properly before us for determination. The determination thereof would, of course, add nothing to the result.

The plaintiff has moved to strike, also, as hereinbefore stated, from the record on appeal, certain minutes of the district court pertaining to the proceedings prior to and upon the trial and subsequent thereto, in relation to the settlement of the findings; also to strike therefrom the district judge's opinion and decision.

Section 8829, N.C.L. 1929, provides what shall constitute the judgment roll. The enumeration in that section does not include the minutes of the lower court, nor the opinion or decision. It has been repeatedly held by this court that no papers, documents or other things not thus enumerated in the statute constitute any part of the judgment roll, and that any such papers, documents or other things not thus enumerated cannot be considered upon appeal, unless properly embraced within a bill of exceptions. Werner v. Babcock, 34 Nev. 42, 116 P. 357; Johns-Manville, Inc. v. Lander County, 48 Nev. 253, 240 P. 925; Markell v. Gray, 50 Nev. 427, 265 P. 705; Peri v. Jeffers, 53 Nev. 49, 292 P. 1; Brearley v. Arobio, 54 Nev. 382, 12 P.2d 339.

In the situation with which we are confronted in the instant case, neither the minutes referred to nor the district court's decision and opinion were *attempted* to

be made either part of the judgment roll or of the bill of exceptions. The confines of the judgment roll are well delineated in the transcript on appeal, and properly designated, and the same observation may be made as to the bill of exceptions.

The minutes referred to and the court's opinion and decision are not placed within the confines of either the judgment roll or the bill of exceptions, but lie snugly between the two in the transcript on appeal, which is entitled "Record on Appeal." The bill of exceptions, not having been filed in time, has never been other than a "vagrant" or "fugitive" document in the record. Even if, by extreme liberality in relieving of mistake or inadvertence, the minutes and the opinion and decision could be deemed part of the bill of exceptions, upon proper application after due notice and proceedings to that end, for such construction to operate the first essential would be the existence of a bill of exceptions filed in time and in other respects valid. Such a bill of exceptions is absent in this case.

In dealing with the question whether an opinion and decision by the lower court is properly a part of the record on appeal to the supreme court, Mr. Justice NORCROSS, in Werner v. Babcock, supra, on page 44 of 34 Nev., on page 358 of 116 P., expressed the law clearly, in the following language:

"Such a written opinion does not form any part of the judgment roll, and was never intended to perform any function, other than an aid to the appellate court in the determination of the appeal, *which must be based, either upon the statement upon appeal, bill of exceptions, or, where neither such statement or bill is filed, upon the judgment roll alone.* Corbett v. Job, 5 Nev. 201; Reno Water Land & Light Co. v. Osburn, 25 Nev. 53, 56 P. 945." (Italics added.)

Upon striking the bill of exceptions, as we must, this appeal will remain upon the judgment roll alone.

In Marlia et al. v. Lockwood, 54 Nev. 403, 20 P.2d 247, Mr. Chief Justice SANDERS, in an opinion concurred in by Justices DUCKER and COLEMAN, stated:

"This is an appeal from a judgment upon the judgment roll alone. Counsel for appellants states that the opinion of the trial court on the merits of the case incorporated in the judgment roll constitutes the basis of the appeal. This being so, under the decisions of this court the opinion is no part of the judgment roll, and, unless embodied in a bill of exceptions, it cannot be looked to to aid the court in the determination of the case upon its merits. Finding no error in the judgment roll proper, the judgment is affirmed."

■ The minutes of the lower court and that court's opinion and decision, not being embraced within, nor properly part of, the judgment roll, nor embraced within any valid bill of exceptions, must be stricken.

It is hereby ordered that the motion of plaintiff to strike said "minutes of the court," the "opinion and decision" of the district court, and the "bill of exceptions" filed in the lower court March 4, 1948, including the portion thereof denominated "defendant's engrossed bill of exceptions," and the court reporter's transcript of the proceedings, and each of them, be, and is hereby granted. This leaves, as before stated it would do, the appeal pending in this court upon the judgment roll alone.

The defendant has filed his opening brief upon the merits. The plaintiff is hereby given thirty days from the date of the filing of this opinion within which to serve and file his answering brief on the merits, and the defendant is given thirty days from the date of the filing of such answering brief within which to serve and file his closing or reply brief on the merits.

BADT, J., concurs.

EATHER, C. J., because of illness, did not participate in the preparation or rendition of the foregoing opinions.